ELECTRONICALLY FILED
2012-Jun-01 12:43:36
60CV-12-1975

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### 9th DIVISION

**TERRA L. WILLIAMS, INDIVIDUALLY and
as ADMINISTRATOR OF THE
ESTATE OF GARY DEAN WILLIAMS,
DECEASED, TAKENUA LAVANDA SHEPHARD,
and FREDA L. WILLIAMS**                                    **PLAINTIFFS**

**v.**                                    **CASE NO. 60CV-2012-1975**

**WELLS FARGO BANK N.A. and
WILSON & ASSOCIATES, P.L.L.C.**                           **DEFENDANTS**

### <u>COMPLAINT</u>

Come Now, Plaintiffs, by and through their attorneys, Leigh Law LLC and Almand & Ables PLLC, and for their complaint against the Defendants states:

1. Plaintiffs are residents of Pulaski County, Arkansas. Plaintiff Terra L. Williams, also appears as the duly appointed and acting Administrator of the Estate of Gary Dean Williams, Deceased, Pulaski County Probate Case No. 60PR-12-593.

2. Defendant Wilson and Associates, PLLC ("Wilson"), is an Arkansas professional limited liability company with its principal place of business in Little Rock, Arkansas.

3. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a Delaware corporation with its principal place of business in San Francisco, California.

4. This action involves real property in Pulaski County, Arkansas: 6813 West 33rd Street Little Rock, Arkansas 72204; legal description:

> the South 135 feet of the East 15 feet of Lot 1 and the South 135 feet of the West 45 feet of Lot 2, Block 4, Interurban Heights, and a strip of 5 feet wide North and South by 60 feet long, East and West, lying South of and adjoining the East 15 feet of Lot 1 and West 45 feet of Lot 2, Block 4, Interurban

Heights, being a part of what was formerly platted as an alley,
now in the City of Little Rock, Pulaski County, Arkansas;

5.    This Court has jurisdiction of the subject matter and over the parties to this
action. Venue is proper in Pulaski County.

6.    On September 20, 1993, Gary Williams, a U.S. Veteran, executed a Note and
Deed of Trust to First Financial Bank, FSB securing payment for the purchase of
real property described herein. Plaintiff Freda L. Williams executed the Deed of
Trust as Wife of Gary Williams.  A copy of the Trust Note is attached hereto and
is incorporated herein by reference as Exhibit "A."  A copy of the Deed of Trust is
attached hereto and is incorporated herein by reference as Exhibit "B."

7.    Said Note and Deed of Trust is federally insured by the Veterans' Administration.

8.    "The main purpose of the VA home loan program is to help veterans finance the
purchase of homes with favorable loan terms and at a rate of interest which is
usually lower than the rate charged on other types of mortgage loans."
http://www.benefits.va.gov/homeloans/docs/vap_264_online_version.pdf

9.    Said Deed of Trust was recorded October 25, 1993 as instrument number 93-
73030 in the real estate records of Pulaski County, Arkansas.

10.   The original trustee was J.S. Brooks, trustee in favor of First Financial Bank,
FSB. The Deed of Trust was assigned from First Financial Bank, FSB to Fleet
Real Estate Funding Corporation on October 25, 1993, as Instrument Number
93-73031.  A copy of said assignment is attached hereto and is incorporated by
reference herein as Exhibit "C."

11.   No Substitution of Trustee for the subject loan has been filed in the Real Estate
Records of Pulaski County as of May 15, 2012.

12.  A Corporate Assignment of Mortgage was executed on September 19, 2011,

    assignor:    Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank, successor in interest to Fleet Mortgage Corp. f/k/a Fleet Real Estate Funding Corporation by Wells Fargo as its Attorney in Fact;

    assignee:    Wells Fargo Bank, N.A.

and was filed of record in Pulaski County as Instrument No. 2011056424. A copy of Assignment is attached hereto and is incorporated by reference herein as Exhibit "D." In this Assignment, Wells Fargo claims to be the Attorney in Fact for the Federal Deposit Insurance Corporation and to be the Assignee of a Mortgage executed by Gary Dean Williams. Gary Dean Williams never executed a Mortgage to First Financial Bank, FSB.; Gary Dean Williams executed a Deed of Trust.

13.  Upon information and belief, Gary Dean Williams fell behind in his Mortgage Payments. Plaintiff Freda Williams learned of the problems and called Wells Fargo, which was servicing the loan at that time. Gary Dean Williams granted to Freda Williams, Terra Williams and Brandon Haney power of attorney for the purpose of dealing with Wells Fargo in relation to the monies owed on the Trust Note in March, 2011.

14.  On April 29, 2011, Wells Fargo sent to Gary Dean Williams a Loan Modification Agreement ("LMA") to Modify the Deed of Trust Note. A copy of the LMA is attached hereto and incorporated by reference herein as Exhibit "E."

15.  Gary Dean Williams and Freda Williams executed the LMA on May 26, 2011 and returned the LMA to Wells Fargo.

16.   One of the terms of the LMA was the requirement of a payment of $4,036.33. This payment is identified in Exhibit E, page 2 Item #7 only as a "Payment Amount."

17.   Freda Williams paid Wells Fargo the "Payment Amount" in three installments of $1,406.00 by wire transfer in May, 2011, $1406.00 by Bank Draft on June 3, 2001, and $1,405.00 on July 28, 2011.

18.   Gary Deal Williams died on July 24, 2011.

19.   Freda Williams began making monthly loan payments in August, 2011, by paying via telephone checks in the amount of $604.21 on August 16, 2011, and $620.00 on September 12, 2011.  Wells Fargo agreed to this payment arrangement, and accepted the payments.

20.   During the final days of the month of September, 2011, Freda Williams called Wells Fargo to arrange the October, 2011 payment by telephone.  Wells Fargo's automated payment system was not functioning, and Freda Williams was required to speak with a Wells Fargo representative to make the payment.  Freda Williams told the Wells Fargo representative that Gary Dean Williams had passed away.  Wells Fargo refused to accept payments from Freda Williams or other Plaintiffs.  Thereafter, Wells Fargo refused to further communicate with Freda Williams or other Plaintiffs concerning the Deed of Trust Note.

21.   Freda Williams mailed to Wells Fargo the October, 2011 payment which was refused by Wells Fargo.

22.   VA underwriting guidelines require lenders to offer temporary forbearance to borrowers experiencing temporary financial difficulty.

23.     Defendants did not offer a forbearance option to borrower Gary Williams or, after his death, or to any other Plaintiff.

24.     Wells Fargo has failed and refused to file the LMA of record with the Pulaski County Circuit Clerk.

25.     Wells Fargo failed to apply additional monies paid by Freda Williams to the principal amount on the loan.

26.     VA underwriting guidelines require lenders to allow borrowers to prepay without penalty.

27.     On January 27, 2012, Wells Fargo sent a letter to the "Estate of Gary Williams" claiming that the account is paid through August 1, 2009 and the payment amount is $584.21. A copy of said letter is attached hereto and incorporated by reference herein as Exhibit "F." By its letter, Wells Fargo intended to disaffirm the LMA it entered into with Plaintiffs.

28.     On September 23, 2011, Wells Fargo filed a "Corporate Assignment of Mortgage." The filing occurred within days of the verbal notification of Gary Williams' death.

29.     This September 23rd assignment was solely filed in preparation to initiate foreclosure proceedings; therefore, Wells Fargo knew it was going to foreclose the note in September of 2011.

30.     Despite Exhibit F, Wells Fargo's actions of filing the September 23, 2011 assignment and actually commencing foreclosure proceedings less than a month after the date of Exhibit F indicate it had no intention of discussing the account or working through the issues with Plaintiffs.

31.  Notice of Intent to Foreclose was filed by Wilson on February 21, 2012.  A copy
     of said Notice is attached hereto and incorporated herein by reference as Exhibit
     "G".

32.  The Notice of Intent to Foreclose is defective in that it improperly designates the
     Trustee and unlawfully places Trusteeship in the hands of an entity which has not
     been properly appointed or assigned an interest in the subject real property.

### Count I
### Violations of the Arkansas Statutory Foreclosure Act

33.  The allegations of paragraphs 1 through 32 are adopted and incorporated herein
     by reference.

34.  Wilson has no standing to initiate the non-judicial foreclosure proceeding as
     Trustee.

35.  A substitution of trustee for record is not filed in Pulaski County, which is a
     violation of §18-50-102(b)(1) and without a proper Trustee, the notice
     requirements of §18-50-102(c) are not met.

36.  Neither Wells Fargo, nor Wilson,  provided to Gary Williams or his Estate a true
     and correct copy of the note with all required endorsements, the mortgage or the
     deed of trust, the name of the holder and physical location of the original note, a
     true and correct copy of the original deed of trust, a copy or explanation of each
     allonge or assignment of the deed of trust, or information regarding the
     availability to the grantor of each program for loan modification assistance or
     forbearance assistance offered, in violation of §18-50-103(2)(A)(i) and §18-50-
     103(2)(A)(ii)(a)-(d).

37.     Defendants allege the non-judicial foreclosure proceeding was commenced as the result of failing to make payments, but did not include a payment history showing the date of default, in violation of §18-50-103(2)(A)(ii)(e).

38.     Defendants are in violation of Ark. Code Ann. §18-50-103(2)(A)(ii)(e) as a result of their failure and refusal to tender a transaction history indicating dates payments were received, dates payments were posted, and a breakdown of how each payment was applied to principal, interest, taxes, insurance (forced placed or otherwise), and/or penalty charges, including, but not limited to, foreclosure expenses, late charges, insufficient check charges, appraisal, property inspection, property preservation, legal fees and other expenses or costs that have been charged and/or assessed to this account for the life of the loan.

39.     Plaintiffs were not in default; Wells Fargo ceased accepting payments in September, 2011; therefore, the commencement of non-judicial foreclosure proceedings was in violation of §18-50-103(3).

40.     Defendants are also in violation of §18-50-104(a)(3)(A)(i) because no certification was made that each grantor who applied for a loan modification did not meet the criteria for loan modification or forbearance; and, in fact, the loan had been modified by Wells Fargo.

41.     Wells Fargo is not authorized to do business in the State of Arkansas and therefore, pursuant to §18-50-117, has no standing to avail itself of the Arkansas Statutory Foreclosure Act.

42.     Arkansas law requires:

> "[T]he appointment of an attorney-in-fact *shall* be made by a duly executed, acknowledged, and recorded Power of

> Attorney that shall identify the mortgage by stating the names of the original parties thereto, the date of recordation, and the book and page number where recorded or the recorder's document number."

A.C.A. §18-50-102(e) (emphasis added).

43.   No Power of Attorney, dated prior to the September 23, 2011 assignment, granting Wells Fargo the ability to act as the Attorney in fact on behalf of Fleet Real Estate Funding Corporation ("Fleet"), or any of its assigns or successors, has been filed, or upon information and belief, exists.

44.   Wells Fargo is not the attorney in fact for Fleet or any of its assigns or successors; therefore Wells Fargo's attempt to assign Fleet's, and its assigns' and successors, interest in the Note and Deed of Trust to itself is invalid.

45.   Further, a person or entity can only assign that interest that which it actually owns.

46.   Fleet's interest was granted by Assignment of the Deed of Trust.

47.   Wells Fargo, as "attorney in fact" attempted to assign a mortgage interest to itself on behalf of the FDIC.   Upon information and belief, no Appointment of Wells Fargo as Power of Attorney for the Federal Deposit Insurance Corporation is filed of record in Arkansas.

48.   There is no mortgage interest in the subject real property; therefore, none can be assigned.

49.   Neither Wells Fargo nor Wilson has standing to foreclose the Note and Deed of Trust.

50.   As a result of these violations, plaintiffs request a permanent injunction preventing the pending non-judicial foreclosure action.

## Count II
## Violations of Federal Garn-Saint Germaine Act

51.    The allegations of paragraphs 1 through 50 are adopted and incorporated herein by reference.

52.    The LMA was finalized, the LMA payments were being made as agreed, and Wells Fargo was accepting the LMA payments as agreed until verbal notification of the borrower's death on September 12, 2011.

53.    The defendants are in violation of 12 U.S.C. §1701j-3(d)(7) for calling the note due and payable as the result of the transfer of the property to a relative upon the death of the borrower.

54.    12 U.S.C. §1701j-3(d)(7) is applicable because the house was transferred to his heirs as the result of Gary Williams' death.

55.    Defendants are sophisticated participants in the mortgage market and are, or should be, well aware of federal law regarding their treatment of secured loans.

56.    Defendants' actions are an intentional violation of federal and state law regarding this account.

57.    Plaintiffs are entitled to permanent injunctive relief preventing defendants from pursuing a judicial or non-judicial foreclosure based on transfers protected by this Act.

## Count III
## Violations of the Federal Real Estate Settlement and Procedures Act ("RESPA")

58.    The allegations of paragraphs 1 through 57 are adopted and incorporated herein by reference.

59.  Defendants did not notify the borrower in writing of each assignment, sale, or transfer of the servicing of the loan to any other person, in violation of 12 U.S.C. 2605(b)(1).

60.  Defendants did not notify the borrower in writing of each assignment, sale, or transfer of the servicing of the loan to any other person no less than fifteen days before the effective date of such transfer, in violation of 12 U.S.C. 2605(b)(2)(A).

61.  Plaintiffs have a private right of action under RESPA, which authorizes actual damages, 12 U.S.C. 2605(f)(1)(A).

62.  RESPA allows for damages of $1000 per violation in cases where defendants show a pattern or practice of noncompliance with the requirements of RESPA, 12 U.S.C. 2605(f)(1)(B).

63.  There is a clear nationwide and statewide pattern and practice of defendants violating federal statutes, including RESPA.

64.  Under 12 U.S.C. 2605(f)(3), defendants are liable for the costs and attorneys' fees associated with bringing this an action under this section.

65.  Wells Fargo charged multiple fees and charges to the account for services and for accepting payment for services not actually rendered, in violation of 12 U.S.C. 2607(b).

66.  Under 12 U.S.C. 2607(d)(1)-(6), plaintiffs are entitled to treble damages, costs, and attorneys' fees.

67.  Wells Fargo charged excessive escrow fees to the account in violation of 12 U.S.C. 2609(a)(1) and (2).

68.   The LMA was based on a principal amount being $54,022.25.   Upon information
and belief, the actual principal amount due on the Trust Note was $44,538.37.

69.   No annual escrow statement has ever been submitted to the borrower or his
estate in violation of 12 U.S.C. 2609(c)(2)(A) and (B).

70.   Plaintiffs are entitled to damages for each violation of RESPA shown by the
evidence in this case.

**Count IV**
**Violations of the Federal Truth in Lending Act ("TILA")**

71.   The allegations of paragraphs 1 through 70 are adopted and incorporated herein
by reference.

72.   Wells Fargo violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1605,
by failing to disclose charges, which are required by TILA to be disclosed,
violations including but not limited to the Annual Percentage Rate, points added
to the loan, and pre-paid financial charges, when Wells Fargo re-financed the
loan in May 2011.

73.   TILA allows for rescission of the loans which are in violation of the statute,
15 U.S.C. §1641.

74.   Defendants should be ordered and directed to bring the terms of the refinance
into compliance with the requirements of TILA and the terms of the original Note
and Deed of Trust.

75.   Defendants have displayed a pattern or practice of routinely violating these
regulations.

76.   Plaintiffs are not the only consumers to fall victim to defendants' violations and
account errors, and the errors occur consistently and frequently, reflecting a

pattern of negligence, at best, and intentional deceit and fraud, at worst, in defendants' dealings with consumers and loans secured by those consumers' primary dwellings.

77. Plaintiffs are entitled to statutory damages of $2000 for each violation as well as actual damages, and costs of bringing this action, including attorneys' fees.

**Count V**
**Violations of the Federal Fair Debt Collections Practices Act ("FDCPA")**

78. The allegations of paragraphs 1 through 77 are adopted and incorporated herein by reference.

79. Defendants failed to disclose in written communications, with plaintiffs that they were attempting to collect a debt in violation of 12 U.S.C §807(11).  A copy of such communication is attached hereto and is incorporated herein by reference as Exhibit "H."

80. Defendants collected late fees and other charges not expressly authorized and fees which were forbidden by contract and state law in violation of 12 U.S.C. §808(1).

81. Defendants threatened to take and actually did take non-judicial foreclosure action against the property when there was no default and defendants had no present right to possession of the property in violation of 12 U.S.C. §808(b)(A).

82. No notice was sent to plaintiffs within five days, or otherwise, after the initial communication with Wilson, a debt collector, indicating the required information in violation of 12 U.S.C. 809(a)(1-5).

83. Plaintiffs were actually harmed by the failure of defendants to abide by federal law by paying fees and amounts they were not required to pay and loss of

income, , and, per 12 U.S.C. 813(a)(1-3), request damages in the amount of their actual harm and additional damages as the Court may allow and reasonable attorneys' fees.

84.   Plaintiffs request the frequency and persistent noncompliance of both Defendants to be considered in the award of damages, per 12 U.S.C. 813(b)(1).

### Count VI
### Violations of Arkansas Deceptive Trade Practices Act

85.   The allegations of paragraphs 1 through 84 are adopted and incorporated herein by reference.

86.   Violations of the Federal Fair Debt Collections Practices Act are *per se* violations of the Arkansas Deceptive Trade Practices Act ("ADTPA").

87.   The ADTPA, codified at Ark. Code. Ann. §4-88-101, *et. seq.*, is not pre-empted by TILA, but instead is interpreted and applied in addition to TILA, 15 U.S.C §1601-1649.

88.   Plaintiffs suffered actual damages as a result of Defendants' violations of the ADTPA.

89.   Plaintiffs are entitled to recover their actual damages and attorneys' fees.

### Count VII
### Violations of the Federal Fair Credit Reporting Act ("FCRA")

90.   The allegations of paragraphs 1 through 89 are adopted and incorporated herein by reference.

91.   Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), by failing to undertake an investigation of disputed credit information.

92.   Plaintiffs and Gary Williams disputed the inaccurate accounting the loan account numerous times.

93.   The inaccurate accounting and false information reported to the major credit reporting agencies negatively affected Mr. Williams' ability to obtain re-financing approval with other lenders or otherwise solve the issues with his account and Wells Fargo.

94.   Plaintiffs' suffered actual damage as a result of Wells Fargo's violations of the FRCA.

95.   Plaintiffs are entitled to recover their actual damages as well as attorneys' fees.

**Count VIII**
**Violations of the Federal Home Ownership Equity Protection Act ("HOEPA")**

96.   The allegations of paragraphs 1 through 95 are adopted and incorporated herein by reference.

97.   The LMA entered into between Wells Fargo and Gary Williams in June, 2011 changed the terms of the original Deed of Trust; therefore it was not a "reinstatement" because, by definition, a reinstatement of a loan does not change the terms of the loan;

98.   Wells Fargo calls the agreement a "modification"; however, while it can change the terms of the note, by definition a modification does not increase the interest rate or the term of the original note; therefore it is not a modification;

99.   The agreement, in actuality, was a refinance – a non-purchase money loan secured by the borrower's primary dwelling.

100.   The Home Ownership Equity Protection Act of 1994 ("HOEPA") took effect on October 1, 1995 and, *inter alia*, amended the Truth in Lending Act ("TILA") by

adding Section 129 of TILA, 15 U.S.C. § 1639, and is implemented by, *inter alia*, Sections 226.31 and 226.32 of Regulation Z, 12 C.F.R. §§ 226.31 and 226.32.

101.  HOEPA provides special protections for consumers who obtain high-rate or high-fee loans secured by their principal dwellings by requiring creditors to provide certain material information at least three days before the loan is consummated, prohibiting the use of certain loan terms, and barring specified practices.

102.  "Predatory lending practices" is a broad term defined as "a mismatch between the needs and capacity of the borrower."

103.  The refinance offered by Wells Fargo was a predatory loan because there was a large mismatch between the needs of Wells Fargo with respect to this nineteen year old VA loan and the capacity of Plaintiffs to pay.

104.  The "modification," i.e. the refinance, Defendants entered with Gary Williams in June 2011 was a high interest loan covered by HOEPA.

105.  Defendants did not make the required disclosures clearly or conspicuously in writing, in a form that the consumer could keep pursuant to Reg. Z, 12 C.F.R. §226.

106.  Defendants did not make the required disclosures, or any disclosures, to Gary Williams in connection with his refinance in June 2011 pursuant to Reg. Z, 12 C.F.R. §226.

107.  Defendants did not verify Gary Williams' income or debt obligations as required by Reg. Z. 12 C.F.R. §226.

108.  Defendants did not consider Gary Williams repayment ability in connection with his June 2011 refinance pursuant to Reg. Z, 12 C.F.R. §226.

109.   Defendants considered only the value of the collateral (i.e. the equity in the home) in connection with Gary Williams' refinance in violation of Reg. Z, 12 C.F.R. §226.

110.   Defendants charged excessive fees, expenses and costs exceeding 10% of the financed amount. 15 U.S.C. § 1639; Reg. Z, 12 C.F.R. §226.

111.   Defendants charged a 30.3% fee to the plaintiffs account.

112.   Defendants imposed prepayment penalties in violation of 15 U.S.C. § 1639; Reg. Z, 12 C.F.R. §226.

113.   Gary Williams total monthly debt payments at consummation of the refinance exceeded fifty percent (50%) of his gross monthly income.

114.   Defendants did not notify Gary Williams or plaintiffs of the transfer in ownership of the Trust Note or the Deed of Trust secured by the subject property from the FDIC to Wells Fargo, in violation of Reg. Z. 12 C. F. R. §226.

115.   Plaintiffs are entitled to their actual damages and cost of legal action, including attorney's fees, in pursuing this action.

116.   Plaintiffs are also entitled to $2000 in statutory damages for each violation of HOEPA.

117.   Plaintiffs are also entitled to the recovery of all finance charges and fees paid to defendants as a result of defendants' violations.

## Count IX
## Breach of Contract

118.   The allegations of paragraphs 1 through 117 are adopted and incorporated herein by reference.

119. Wells Fargo's LMA breached the terms of the original Deed of Trust, attached hereto and incorporated herein by reference as Exhibit "B."

120. The Deed of Trust specifically states that under no circumstances will any change in the financing result in a term longer than the term of the original Note.

121. The term of the Original Note is thirty years – September 30, 1993 to August 30, 2023.

122. Defendants "modification" added eleven years to the financing term, extending its maturity date to 2033.

123. The original principal amount financed in 1993 was $60,750.

124. The principal financed under the "modification" was $54,000.

125. Plaintiffs dispute the account fell behind in 2009; however documentation from Wells Fargo indicates it is Wells Fargo's position the account became past due sometime in 2009.

126. Even if that were true, the principal payoff, when amortized based on the terms in the original note of $60,750 financed thirty (30) years at a fixed rate of 7%, is $44,538.37.

127. Defendants' "modification" financed a principal amount of $54,000, which is $9,461.63 more than what was actually due when using defendants' own date of 2009 as the delinquent date.

128. $9,461.63 plus the $4,036.33 fee charged for the "modification" is a total charge of $13,497.96, *or 30.3%* of the principal amount due.

129. The original Deed of Trust states no more than 4% of the amount due may be charged to the account for delinquencies.

130. Defendants breached the contract by charging prepayment penalties and/or not applying excess payments to the principal amount of the loan.

131. Plaintiffs are entitled to actual damages, compensatory damages, costs, and attorneys' fees.

## Count X
### Fraudulent Misrepresentation of the "Modification."

132. The allegations of paragraphs 1 through 131 are adopted and incorporated herein by reference.

133. Wells Fargo falsely represented a material fact regarding the modification it was offering Plaintiffs by referring to it as a modification.

134. Wells Fargo is a sophisticated participant in the mortgage market.

135. Wells Fargo knew the representation was false.

136. Wells Fargo's LMA was so disadvantageous to the plaintiffs, there was little reason for plaintiffs to accept the LMA but for the fact they thought the modification was regulated through the federal government's Home Affordable Modification Program (HAMP) which, among other purposes, aims to protect consumers and promote home ownership.

137. Plaintiffs justifiable relied on Wells Fargo's representation that it was offering Plaintiffs an LMA.

138. Plaintiffs even filled out and returned to Wells Fargo a HAMP application prior to being offered the loan "modification" by Wells Fargo, attached hereto and incorporated herein for all purposes as Exhibit "I".

139. Plaintiffs suffered actual damages as a result of their reliance on this false representation by Wells Fargo.

140. Plaintiffs are unsophisticated real estate consumers and justifiably relied on Defendant to provide lawful loan terms.

141. Disclosing the APR and other information related to the refinance would've discouraged Plaintiffs from agreeing the "modification."

142. Plaintiffs are entitled to actual damages, compensatory damages, punitive damages, and costs associated with bringing this action, including attorney's fees.

### Damages

143. Plaintiffs pray for actual and compensatory damages in an amount in excess of the minimum amount required for diversity of citizenship cases, statutory damages, punitive damages and their costs and attorneys' fees.

144. Plaintiffs respectfully reserve the right to amend this Complaint with violations discovered in the future.

145. Plaintiffs respectfully demand a jury trial.

WHEREFORE, Plaintiffs pray for 1) declaratory judgment that defendants have no standing to foreclose or enforce the Note or the Deed of Trust because are not the real parties in interest and for a permanent injunction, 2) for an award of actual ad compensatory damages in an amount in excess of the minimum required for federal diversity of citizenship cases, statutory damages, punitive damages, costs of litigation, and attorneys' fees, and, alternatively, 3) for a return of all payments made to Defendants for the life of the loan, or alternatively, for 4) a declaratory judgment that the terms complained of herein in the Loan Modification Agreement were illegal, unconscionable, in breach of good faith and fair dealing, in breach of the terms of the

original Note and Deed of Trust and an order reforming the instruments to bring them into compliance with state and federal laws and for all other appropriate relief in the premises.

Respectfully submitted,

Terra L. Williams, Individually and
As Personal Representative Of The
Estate of Gary Dean Williams,
Deceased, Takenua Lavanda Shephard,
and Freda L. Williams

By:    Leigh Law LLC
       2500 Cedar Creek Road
       North Little Rock, Arkansas 72116
       501.492.6581 office
       501.658.3108 cell

       Victoria Leigh, ABN: 2011257

And

       Almand & Ables, P.L.L.C.
       211 Natural Resources Drive
       Little Rock, Arkansas 72205
       501.219.8500

       William G. Almand, ABN: 81001

VA Form 26-6302a (Home Loan)
Revised January 1974
Use Optional. Section
1810, Title 38, U.S.C.
Acceptable to Federal
National Mortgage
Association
(Amended May, 1989)

ARKANSAS

5291650%

# DEED OF TRUST NOTE

LH - 146592

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

Little Rock , Arkansas.

$ 60,750.00                                                  September 30 , 19 93

FOR VALUE RECEIVED, the undersigned promise(s) to pay to

First Financial Bank, F.S.B.

, or order, the principal sum of

Sixty Thousand Seven Hundred Fifty and No/100------- Dollars ($ 60,750.00 ),
with interest from date at the rate of         Seven

per centum ( 7.0 %) per an-
num on the unpaid balance until paid. The said principal and interest shall be payable at the office of

First Financial Bank, F.S.B., P. O. Box 766

, in

El Dorado , Arkansas,
or at such other place as the holder hereof may designate in writing delivered or mailed to the debtor, in monthly
installments of    Four Hundred Four and 17/100-----------------------

Dollars ($ 404.17 ), commencing on the first day of   November , 19 93 , and con-
tinuing on the first day of each month thereafter until this note is fully paid, except that, if not sooner paid, the final
payment of principal and interest shall be due and payable on the first day of    October, 2023

Privilege is reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof
not less than the amount of one installment, or one hundred dollars ($100.00), whichever is less. Prepayment in full
shall be credited on the date received. Partial prepayment, other than on an installment due date, need not be credited
until the next following installment due date or thirty days after such prepayment, whichever is earlier.

If any deficiency in the payment of any installment under this note is not made good prior to the due date
of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without
notice at the option of the holder of this note. Failure to exercise this option shall not constitute a waiver of the right
to exercise the same in the event of any subsequent default.

The undersigned also agree(s) that in the event of default herein and the placing of this note in the hands of
an attorney for collection, or in the event this note is collected through any court proceedings, to pay a reasonable
attorney's fee not to exceed ten percent (10%) of principal due, plus accrued interest for services actually rendered.

This note is secured by Deed of Trust of even date executed by the undersigned on certain property described
therein and represents money actually used for the acquisition of said property or the improvements thereon.

Presentment, protest and notice are hereby waived.

_____        _Gary Williams_ (signature)

                                        Gary Williams

_____

THIS IS TO CERTIFY that this is the note described in and secured by Deed of Trust of even date herewith
in the same principal sum as herein stated to
            J. S. Brooks

                                                            , Trustee(s), on real estate located in
            Pulaski County, State of Arkansas.

Dated this    30th            day of   September , 19 93

My Comm. Expires:  10/17/96

            Sharon Freeman             Notary Public

SHARON FREEMAN
10-17-96
PULASKI CO., AR

EXHIBIT
A

VMP -2(AR) (8904)            VMP MORTGAGE FORMS • (313)293-8100 • (800)521-7291

Pay without recourse to the order of:
Fleet Real Estate Funding Corp.
FIRST FINANCIAL BANK, F. S. B.
By: _____
Karen Pryor, Assistant Secretary

Pay to the order of

Without Recourse
Fleet Real Estate Funding Corp.

By _____
Karen Davison
Document Executing Officer



EXHIBIT 1



THIS INSTRUMENT PREPARED BY
JAMES ALLEN BROWN
ATTORNEY AT LAW
LITTLE ROCK, AR

ARKANSAS



78

## 93 73030    DEED OF TRUST

# NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT. The attached RIDER is made a part of this instrument.

THIS DEED OF TRUST, made and entered into this    30th    day of    September  , 19 93  , by and between    Gary Williams, a married person

hereinafter, whether one or more, together with his    heirs, executors, administrators and assigns, referred to as the party of the first part, and    J.S. Brooks

Trustee, hereinafter, together with    his    successors and assigns, referred to as the party of the second part, and    First Financial Bank, F.S.B.

a corporation organized and existing under the laws of    the State of Arkansas hereinafter, together with its successors and assigns, referred to as the party of the third part;

WITNESSETH, that the said party of the first part, for and in consideration of the sum of One Dollar to him in hand paid, the receipt of which is hereby acknowledged, and the further consideration of the facts hereinafter set forth, does hereby GRANT, BARGAIN, SELL, ASSIGN, and CONVEY unto the said party of the second part,

J. S. Brooks, Trustee

forever, the following-described land. situated in    the City of Little Rock    , county of    Pulaski    and State of Arkansas, to wit:

The South 135 feet of the East 15 feet of Lot 1 and the South 135 feet of the West 45 feet of Lot 2, Block 4, Interurban Heights, and a strip 5 feet wide North and South by 60 feet long, East and West, lying South of and adjoining the East 15 feet of Lot 1 and the West 45 feet of Lot 2, Block 4, Interurban Heights, being a part of what was formerly platted as an alley, now in the City of Little Rock, Pulaski County, Arkansas.



FILED AND RECORDED
93 OCT 25 AM 8: 52
PULASKI CO. ALEXANDER
PULASKI CO. CIRCUIT CLERK
AND RECORDER

American Abstract & Title Company
00 South Shackelford
ttle Rock, Arkansas  72211

together with the improvements and appurtenances thereunto belonging; and all fixtures now attached to or used in connection with premises herein described and in addition thereto the following-described household appliances, which are, and shall be deemed to be, fixtures and a part of the realty, and are a portion of the security for the indebtedness herein mentioned:

disposal, dishwasher, fan/hood, carpet, vinyl tile, range

EXHIBIT
B

(ARI) (9804)

VMP MORTGAGE FORMS • (313)293-8100 • (800)521-7291

TO HAVE AND TO HOLD THE AFORE-DESCRIBED property unto the party of the second part forever, in Trust for the following uses, purposes, and considerations only, to wit: To secure the payment by the said party of the first part to the said party of the third part of the just and full sum of

**79**

Sixty Thousand Seven Hundred Fifty and No/100————————————————

DOLLARS ($   60,750.00       ), for borrowed money, evidenced by a certain promissory note of even date herewith, payable together with interest thereon at the rate of          Seven

per centum (     7.00     %) per annum on the unpaid balance to the party of the third part, or order, in monthly installments of      Four Hundred Four and 17/100————————————————

DOLLARS ($      404.17      ),

beginning on the first day of      November      , 19 93    , and continuing on the first day of each month thereafter until the said principal and interest thereon are fully paid, except that, if not sooner paid, the final payment of principal and interest shall be due and payable on the first day of      October      , 2023   :

And the said party of the first part, in order more fully to protect the security of this Deed of Trust, does hereby covenant and agree as follows:

1. He will pay the indebtedness, as hereinbefore provided. Privilege is reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or one hundred dollars ($100), whichever is less. Prepayment in full shall be credited on the date received. Partial prepayment, other than on an installment due date, need not be credited until the next following installment due date or thirty days after such prepayment, whichever is earlier.

2. Together with, and in addition to, the monthly payments of principal and interest payable under the terms of the note secured hereby, the party of the first part will pay to the party of the third part as trustee, (under the terms of this trust as hereinafter stated) on the first day of each month until the said note is fully paid:

(a) A sum equal to the ground rents, if any, and the taxes and special assessments next due on the premises covered by this Deed of Trust, plus the premiums that will next become due and payable on policies of fire and other hazard insurance on the premises covered hereby (all as estimated by the party of the third part, and of which first party is notified) less all sums already paid therefor, divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, taxes, and assessments will become delinquent, such sums to be held by party of the third part in trust to pay said ground rents, premiums, taxes, and special assessments, before the same become delinquent.

(b) The aggregate of the amounts payable pursuant to subparagraph (a) and those payable on the note secured hereby, shall be paid in a single payment each month, to be applied to the following items in the order stated:

    (I)    ground rents, taxes, special assessments, fire, and other hazard insurance premiums;
    (II)   interest on the note secured hereby; and
    (III)  amortization of the principal of the said note.

Any deficiency in the amount of any such aggregate monthly payment shall, unless made good by the party of the first part prior to the due date of the next such payment, constitute an event of default under this Deed of Trust. At the option of the party of the third part, the party of the first part will pay a "late charge" not exceeding four per centum (4%) of any installment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured thereby.

3. If the total of the payments made by the party of the first part under (a) of paragraph 2 preceding shall exceed the amount of payments actually made by the party of the third part as trustee for ground rents, taxes or assessments or insurance premiums, as the case may be, such excess shall be credited on subsequent payments to be made by the party of the first part for such items or, at the option of the party of the third part as trustee, shall be refunded to the party of the first part. If, however, such monthly payments shall not be sufficient to pay such items when the same shall become due and payable, then the party of the first part shall pay to the party of the third part as trustee any amount necessary to make up the deficiency within thirty (30) days after written notice from the party of the third part stating the amount of the deficiency, which notice may be given by mail. If at any time the party of the first part shall tender to the party of the third part, in accordance with the provisions of the note secured hereby, full payment of the entire indebtedness represented thereby, the party of the third part as trustee shall, in computing the amount of such indebtedness, credit to the account of the party of the first part any credit balance remaining under the provisions of (a) of paragraph 2 hereof. If there shall be a default under any of the provisions of this Deed of Trust resulting in a public sale by the trustee or trustees of the premises covered hereby, or if the party of the third part acquire the property otherwise after default, it shall apply as trustee, at the time of the commencement of such proceedings, or at the time the property is otherwise acquired, the amount then remaining to credit of the party of the first part under (a) of paragraph 2 preceding, as a credit on the interest accrued and unpaid and the balance to the principal then remaining unpaid on said note.

4. The rents, income, and profits of said property are hereby assigned to the party of the third part, provided, however, that the party of the first part shall be entitled to collect and retain the said rents, income, and profits until default hereunder. Upon a default in the payment of any of the indebtedness hereby secured or in the performance of any of the terms or conditions hereof, the party of the third part shall be entitled, without notice to the party of the first part, to the immediate appointment of a receiver of the property covered hereby, without regard to the adequacy or inadequacy of the property as security for the mortgage debt; and if there be no receiver, the party of the third part may proceed to collect the rents, income, and profits from the property covered hereby. From any rents, income and profits, collected by the receiver or by the party of the third part prior to a foreclosure sale, shall be deducted the cost of collection thereof, including but not limited to real estate commissions, receivers' and attorneys' fees, and court costs, and the remainder shall be applied against the indebtedness hereby secured.

5. He will promptly pay all ground rents, taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, levied upon said premises except when payment for all such items has theretofore been made under (a) of paragraph 2 hereof, and he will promptly deliver the official receipts therefor to the party of the third part.

6. Upon the request of the party of the third part the party of the first part shall execute and deliver a supplemental note or notes for the sum or sums advanced by the party of the third part for the alteration, modernization, improvement, maintenance, or repair of said premises, for taxes or assessments against the same and for any other purpose authorized hereunder. Said note or notes shall be secured hereby on a parity with and as fully as if the advance evidenced thereby were included in the note first described above. Said supplemental note or notes shall bear interest at the rate provided for in the principal indebtedness and shall be payable in approximately equal monthly payments for such period as may be agreed upon by the creditor and debtor. Failing to agree on the maturity, the whole of the sum or sums so advanced shall be due and payable 30 days after demand by the creditor. In no event shall the maturity extend beyond the ultimate maturity of the note first described above.

7. The lien of this instrument shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness or any part thereof secured hereby.

8. The party of the first part will continuously maintain hazard insurance, of such type or types and amounts as the party of the third part may from time to time require, on the improvements now or hereafter on said premises, and except when payment for all such premiums has theretofore been made under (a) of paragraph 2 hereof, he will pay promptly when due any premiums therefor. All insurance shall be carried in companies approved by the party of the third part and the policies and renewals thereof shall be held by it and have attached thereto loss payable clauses in favor of and in form acceptable to the party of the third part. In event of loss he will give immediate notice by mail to the party of the third part, who may make proof of loss if not made promptly by the party of the first part, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to the party of the third part instead of the party of the first part and the party of the third part jointly, and the insurance proceeds, or any part thereof, may be applied by the party of the third part at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In event of foreclosure of this Deed of Trust, or other transfer of title to the said premises in extinguishment of the indebtedness secured hereby, all right, title, and interest of the party of the first part in and to any insurance policies then in force shall pass to the purchaser or grantee.

9. He shall not commit or permit waste; and shall maintain the property in as good condition as at present, reasonable wear and tear excepted. Upon any failure so to maintain, the party of the third part, at its option, may cause reasonable maintenance work to be performed at the cost of the party of the first part.

10. The party of the third part may perform any defaulted covenants or agreements of the party of the first part to such extent as the party of the third part shall determine, and any moneys advanced by the party of the third part for such purposes shall bear interest at the rate provided for in the principal indebtedness, shall thereupon become a part of the indebtedness secured by this instrument, ratably and on parity with all other indebtedness secured thereby, and shall be payable thirty (30) days after demand.

11. If the party of the first part shall well and truly pay the above-described indebtedness and all interest thereon and shall perform the covenants herein, then the above conveyance shall be void and this instrument shall be canceled on the records at the expense of the party of the first part.

12. If the party of the first part shall fail to pay, or cause to be paid as it matures, the aforesaid indebtedness or any part thereof, or in case of the failure of the party of the first part to keep and perform the covenants herein, according to the obligations thereof, then, in either event, at the option of the said party of the third part, all of the indebtedness secured hereby shall become due for all purposes, and said Trustee shall sell the whole of such lands as are herein described at public sale, to the highest bidder for cash, on the premises or at the front door of the Courthouse of the County of        Pulaski                         , State of Arkansas, public notice of the time, terms, and place of said sale having been given for thirty (30) days by publication in some newspaper, published in said County, once a week for four (4) consecutive weeks prior to the date of sale, which advertisement shall be sufficient for the purpose of foreclosure. The owner of the note secured hereby may become a purchaser at such sale.

13. The party of the first part authorizes the said Trustee to convey the said property to anyone purchasing the same at such sales, and to convey an absolute title thereto, and the recitals in the deed of conveyance shall be taken as *prima facie* true.

14. From the proceeds of said sale, said Trustee shall first pay all costs and expenses of making the same, including a reasonable compensation to it (not to exceed one per centum (1%) of proceeds of such sale) and including a reasonable attorney's fee for which it may have contracted in superintending the proper foreclosure of the same; next it shall pay what money may be then unpaid on said indebtedness, including interest up to date of sale, and shall pay all taxes which may have accrued and not been paid; next it shall reimburse the Department of Veterans Affairs for any sums paid by it on account of the guaranty or insurance of the indebtedness secured hereby; and the balance, if any, it shall hold subject to the order of the party of the first part.

And         Gary Williams                          , party of the first part, for the consideration aforesaid, do hereby unite in this deed and agree to all the stipulations and provisions of this instrument, and Grant, Bargain, Sell, Relinquish, Assign, and Convey unto        J.S. Brooks

,Trustee, and        his        successors or assigns, all right, title, claim, and interest of every kind, character, and description whatsoever that I now have, or may hereafter acquire as homestead, dower, or curtesy in and to said property herein conveyed.

In case of death, absence, inability, or refusal of the said Trustee to act at any time when action hereunder may be required, or for any other reason satisfactory to the party of the third part, the party of the third part is hereby authorized to name and appoint a successor to execute this trust and the title herein conveyed to said        J.S. Brooks                          , Trustee, shall thereupon be

vested in said successor, which appointment shall be in writing, and shall be duly recorded in the office of the Clerk of the Circuit Court in _____ Pulaski _____ County, State of Arkansas.

15. The right to foreclose this trust deed by appropriate proceedings in any Court of competent jurisdiction is also hereby given, and in the event of foreclosure by either of the methods herein provided, the parties executing this agreement hereby waive any and all rights of redemption or appraisement under the laws of the State of Arkansas, and consent that sale of said property may be made as a whole or in parcels.

16. If the indebtedness secured hereby be guaranteed or insured under Title 38 United States Code, such Title and Regulations issued thereunder and in effect on the date hereof shall govern the rights, duties, and liabilities of the parties hereto, and any provisions of this or other instruments executed in connection with said indebtedness which are inconsistent with said Title or Regulations are hereby amended to conform thereto.

The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors, and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, the use of any gender shall be applicable to all genders, and "party of the third part" shall include any payee of the indebtedness hereby secured or any transferee thereof whether by operation of law or otherwise.

In Witness Whereof:

_Gary Williams_  [SEAL]
Gary Williams

_____  [SEAL]

_Freda Williams_  [SEAL]
Freda L. Williams

Witnesses:  _____  [SEAL]

_____

_____

---

## ACKNOWLEDGEMENT

STATE OF ARKANSAS

}ss:

COUNTY OF  Pulaski

This day personally appeared before me, the undersigned, duly commissioned, qualified, and acting Notary Public, within and for said County and State, the within named   Gary Williams and   Freda L. Williams , to me personally well-known as the Grantors in the foregoing Deed of Trust, and acknowledged that they signed, executed and delivered the same on the day and year therein mentioned, for the uses, purposes and considerations therein mentioned and set forth.

And on the same day voluntarily appeared before me the said   Gary Williams and   Freda L. Williams , husband and wife respectively, to me personally well-known, and they in the absence of their spouse declared that they had of their own free will executed said Mortgage and signed and sealed the relinquishment of dower, homestead and curtesy therein contained, for the consideration and purposes therein mentioned and set forth, without the compulsion or undue influence of their spouse.

Witness my hand and Notarial Seal, this   30th   day of  September   1993

_(Notary Public)_ Sharon Freeman

My commission expires on the   day of   October   19 96

STATE OF ARKANSAS

Deed of Trust

FROM

TO

TRUSTEE FOR

93 73030                          82

# VA ASSUMPTION POLICY RIDER

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

THIS ASSUMPTION POLICY RIDER is made this          30th          day of      September    , 19 93  ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Deed to Secure
Debt ("Instrument") of the same date herewith, given by the undersigned ("Mortgagor") to secure the Mortgagor's
Note ("Note") of the same date to

First Financial Bank, F.S.B.

its successors and assigns

("Mortgagee") and covering the property described in the Instrument and located at:

6813 West 33rd St., Little Rock, AR  72204

(Property Address)

Notwithstanding anything to the contrary set forth in the Instrument, Mortgagee and Mortgagor hereby acknowledges
and agrees to the following:

GUARANTY: Should the Department of Veterans Affairs fail or refuse to issue its guaranty in full amount within
60 days from the date that this loan would normally become eligible for such guaranty committed upon by the Department
of Veterans Affairs under the provisions of Title 38 of the U.S. Code "Veterans Benefits", the Mortgagee may declare
the indebtedness hereby secured at once due and payable and may foreclose immediately or may exercise any other
rights hereunder or take any other proper action as by law provided.

TRANSFER OF THE PROPERTY: If all or any part of the Property or any interest in it is sold or transferred, this
loan shall be immediately due and payable upon transfer ("assumption") of the property securing such loan to any
transferee ("assumer"), unless the acceptability of the assumption and transfer of this loan is established by the
Department of Veterans Affairs or its authorized agent pursuant to section 1817A of Chapter 37, Title 38, United
States Code.

An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements
as set forth below:

(a) ASSUMPTION FUNDING FEE: A fee equal to one-half of 1 percent (.50%) of the unpaid principal balance
of this loan as of the date of transfer of the property shall be payable at the time of transfer to the mortgagee or
its authorized agent, as trustee for the Secretary of Veterans Affairs. If the assumer fails to pay this fee at the time
of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest
at the rate herein provided, and, at the option of the mortgagee of the indebtedness hereby secured or any transferee
thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the
provisions of 38 U.S.C. 1829 (b).

(b) ASSUMPTION PROCESSING CHARGE: Upon application for approval to allow assumption and transfer
of this loan, a processing fee may be charged by the mortgagee or its authorized agent for determining the creditworthiness
of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The
amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan
to which section 1817A of Chapter 37, Title 38, United States Code applies.

(c) ASSUMPTION INDEMNITY LIABILITY: If this obligation is assumed, then the assumer hereby agrees to
assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan, including
the obligation of the veteran to indemnify the Department of Veterans Affairs to the extent of any claim payment
arising from the guaranty or insurance of the indebtedness created by this instrument.

IN WITNESS WHEREOF, Mortgagor(s) has executed this Assumption Policy Rider.

_Gary Williams_ _____ (Seal)            _____ (Seal)
Gary Williams                 Mortgagor                                      Mortgagor

_____ (Seal)            _____ (Seal)
                              Mortgagor                                      Mortgagor

-528 (9303)            VMP MORTGAGE FORMS • (313)293-8100 • (800)521-7291

No. 73030

The South 135 feet of the East 15 feet of Lot 1 and the South 135 feet of the West 45 feet of Lot 2, Block 4, Interurban Heights, and a strip 5 feet wide, North and South by 60 feet long, East and West, lying South of and adjoining the East 15 feet of Lot 1 and the West 45 feet of Lot 2, Block 4, Interurban Heights, being a part of what was formerly platted as an Alley, now in the City of Little Rock, Pulaski County, Arkansas.

Branch :WAS,User .WA01                    Comment:                                   Station Id :V96J



84

**93 73031    A S S I G N M E N T**

FILED AND RECORDED
93 OCT 25 AM 8: 52
JACQUELINE ALEXANDER
PULASKI CO CIRCUIT CLERK
AND RECORDER

KNOW ALL MEN BY THESE PRESENTS:

That FIRST FINANCIAL BANK, A FEDERAL SAVINGS BANK in consideration of One and no/100 ($1.00) Dollar, and other valuable considerations to it in hand paid by FLEET REAL ESTATE FUNDING CORP. of of which considerations is hereby acknowledged, does hereby sell, transfer, assign, set over, and deliver unto the said FLEET REAL ESTATE FUNDING CORP. and unto its successors and assigns, the following to-wit:

A.   That certain deed of trust (mortgage) executed by Gary Williams, a married person Unto FIRST FINANCIAL BANK, A FEDERAL SAVINGS BANK dated the 10thday of September 19 93, and filed for record in the Office of the Recorder of Pulaski County, Arkansas, on the 25 day of October 19 93, and therein recorded in Instrument 93 73030.

B.   Also the note and indebtedness described in and now secured by the instrument aforesaid.

TO HAVE AND TO HOLD the same unto the said FLEET REAL ESTATE FUNDING CORP. , and its successors and assigns forever.

Executed on this 10th day of September , 19 93.

FIRST FINANCIAL BANK, A FEDERAL SAVINGS BANK
Andrew Byrd, Mortgage Officer

ATTEST:
Assistant Secretary

LEGAL DESCRIPTION:
SEE ATTACHED EXHIBIT "A"

STATE OF ARKANSAS          §
COUNTY OF PULASKI          §

On this 10th day of September , 19 93 , before me, the undersigned a Notary Public, duly commissioned, qualified, and acting within and for said County and State, appeared in person the within named F. Andrew Byrd and Karen Fryar to me personally well known, who stated that they were the Mortgage Officer and Assistant Secretary respectively, of FIRST FINANCIAL BANK, A FEDERAL SAVINGS BANK, a corporation, and were duly authorized in their respective capacities to execute the foregoing Assignment for and in the name and behalf of said corporation for the consideration, uses and purposes therein mentioned and set forth.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal on this 10th day of September , 19 93.

Notary Public

My Commission Expires:
January 19, 2000

JANE MOORE
NOTARY
PUBLIC
PULASKI CO., ARK.

This instrument prepared by
J. S. Brooks, Attorney at Law
401 1st National Bank Bldg.
El Dorado, Arkansas  71730

rican Abstract & Title Company
0 South Shackleford
ttle Rock, Arkansas  72211

EXHIBIT
C

Branch :WAS,User .WA01                    Comment:                        Station Id :V96J



84

93 73031    A S S I G N M E N T           FILED AND RECORDED

93 OCT 25 AM 8: 52

KNOW ALL MEN BY THESE PRESENTS:

That FIRST FINANCIAL BANK, A FEDERAL SAVINGS BANK in consideration of One and no/100 ($1.00) Dollar, and other valuable considerations to it in hand paid by FLEET REAL ESTATE FUNDING CORP. of of which considerations is hereby acknowledged, does hereby sell, transfer, assign, set over, and deliver unto the said FLEET REAL ESTATE FUNDING CORP. and unto its successors and assigns, the following to-wit:

A. That certain deed of trust (mortgage) executed by Gary Williams, a married person unto FIRST FINANCIAL BANK, A FEDERAL SAVINGS BANK dated the 30th day of September , 19 93 , and filed for record in the Office of the Recorder of Pulaski County, Arkansas, on the 25 day of October 93 , and therein recorded in Instrument 93 73030

B. Also the note and indebtedness described in and now secured by the instrument aforesaid.

TO HAVE AND TO HOLD the same unto the said FLEET REAL ESTATE FUNDING CORP. , and its successors and assigns forever.

Executed on this 30th day of September , 19 93 .

FIRST FINANCIAL BANK, A FEDERAL SAVINGS BANK

E. Andrew Byrd, Mortgage Officer

ATTEST:

Assistant Secretary
Karen Pryor

STATE OF ARKANSAS

COUNTY OF PULASKI

LEGAL DESCRIPTION:

SEE ATTACHED EXHIBIT "A"

On this 30th day of September , 19 93 , before me, the undersigned, a Notary Public, duly commissioned, qualified, and acting within and for said County and State, appeared in person the within named E. Andrew Byrd and Karen Pryor to me personally well known, who stated that they were the Mortgage Officer and Assistant Secretary respectively, of FIRST FINANCIAL BANK, A FEDERAL SAVINGS BANK, a corporation, and were duly authorized in their respective capacities to execute the foregoing Assignment for and in the name and behalf of said corporation for the consideration, uses and purposes therein mentioned and set forth.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal on this 30th day of September , 19 93 .

Notary Public

My Commission Expires:
January 19, 2000

(SEAL)

This instrument prepared by
J. S. Brooks, Attorney at Law
401 1st National Bank Bldg.
El Dorado, Arkansas   71730

erican Abstract & Title Company
'0 South Shackelford
'tle Rock, Arkansas   72211

2011056424 Received: 9/23/2011 10:56:58 AM Recorded: 09/23/2011 12:09:38 PM
Filed & Recorded in Official Records of Larry Crane, PULASKI COUNTY
CIRCUIT/COUNTY CLERK Fees $20.00

Recording Requested By:
WELLS FARGO BANK, N.A.

When Recorded Return To:

DEFAULT ASSIGNMENT
WELLS FARGO BANK, N.A.
MAC: X9999-018
PO BOX 1629
MINNEAPOLIS, MN  55440-9790



## CORPORATE ASSIGNMENT OF MORTGAGE

Prepared By:  Leslie Knutson, WELLS FARGO BANK, N.A. 1000 BLUE GENTIAN RD., EAGAN, MN  55121 (651)605-3792
Pulaski, Arkansas
SELLER'S SERVICING #:8003214155 "WILLIAMS"
SELLER'S LENDER ID#:  J03

Date of Assignment: September 19th, 2011
Assignor: Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank, successor in interest to Fleet Mortgage
Corp. f/k/a Fleet Real Estate Funding Corp., by Wells Fargo Bank, N.A. as its Attorney in Fact at 1 HOME CAMPUS, DES MOINES, IA
50328
Assignee: WELLS FARGO BANK, NA at 1 HOME CAMPUS, DES MOINES, IA  50328

Executed By: GARY WILLIAMS, A MARRIED PERSON  To: FIRST FINANCIAL BANK, F.S.B.
Date of Mortgage: 09/30/1993 Recorded:  10/25/1993  in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 93 73030  in the
County of Pulaski, State of Arkansas.

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby
acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum
of $60,750.00 with interest, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof,
and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and
conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained
in said Mortgage.

   Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank, successor in interest to Fleet Mortgage Corp. f/k/a
Fleet Real Estate Funding Corp., by Wells Fargo Bank, N.A. as its Attorney in Fact
On _____

By: _____
Vice President Loan Documentation

"LAK"LAKWFEM*09/19/2011 02:44:51 PM* WFEM01WFEMA00000000000016425* ARPULAS* 8003214155 ARSTATE_MORT_ASSIGN_ASSN "LAKWFEM"



2011056424  2 of 2

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF Minnesota
COUNTY OF Hennepin

On _____, before me, _____ Terence Lynn Jutila _____, a Notary Public in and for _____ in the State of Minnesota, personally appeared _____ Jacob Harrudal _____, Vice President Loan Documentation, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,  * HENNEPIN

Notary Expires:    / /



Terence Lynn Jutila
Notary Public - Minnesota
My Commission Expires 01/31/18

(This area for notarial seal)

*LWK*LAKWFEM*08/18/2011 02.44.51 PM* WFEM01WFEMA000000000000000016428* ARPULAS* 0000214155 ARSTATE_MORT_ASSIGN_ASSN **LAKWFEM*



Wells Fargo Home Mortgage
MAC X9999-01N
1000 Blue Gentian Road Ste 300
Egan, MN 55121-1786

Tel: 800 416 1472

April 29, 2011

Gary Williams
6813 W 33rd St
Little Rock AR 72204

Dear Gary Williams :

RE: Loan Number 8003214155, Client 936

This letter will confirm our conversation where we agreed to a
modification of your mortgage loan.

In order to complete the modification, we will need you to complete the
required steps outlined below:

__ Sign the original Loan Modification Agreement where required.
__ Have the original Loan Modification Agreement Notarized where required.
__ Return all pages of the original Loan Modification Agreement.
__ Sign the Truth-in-Lending Statement, if enclosed with your Loan
   Modification Agreement.
__ Provide the payment in the amount of $4,036.33, which will be applied
   towards the unpaid balances. Information about this payment amount
   is listed on the Loan Modification Settlement Statement as "Funds
   from Borrower".
__ Sign the notice of Special Flood Hazard Area (SFHA), if enclosed with
   your Loan Modification Agreement.
__ Return ALL of the above documents along with the payment, if required,
   within ten (10) days from the date of this letter in the enclosed,
   self-addressed, prepaid express mail envelope to the address provided
   below:
            1000 Blue Gentian Rd, Ste. 300, MAC X9999-01N
            Eagan, MN 55121

NOTE: All mortgagors need to sign their name as it is printed on the
documents. If one of the mortgagors listed should NOT be required to sign
the documents OR has a different name than what is listed on the
documents, please provide the appropriate documentation that supports
this change. Acceptable documents may include a death certificate,
divorce decree, or marriage certificate

LM550/7ID/1

*no need for notary*



EXHIBIT
E

Together we'll go far





**Wells Fargo Home Mortgage**
MAC X9999-01N
1000 Blue Gentian Road  Ste 300
Egan, MN 55121-1786

Tel:  800 416 1472

We must receive your response within 10 days
If all pages of the above documents and payment are not received within
ten (10) days from the date of this letter, we will conclude that you
are no longer interested in modifying your existing loan and will
cancel your request for a modification. Until we receive the signed
and completed documents and payment as requested above, we are unable
to complete the modification; we will continue to service your mortgage
loan - which may include continued collections communications via
telephone calls and/or letters and any legal proceedings.

DETAILS OF THE MODIFICATION:
1. Due date of first payment:                          06/01/2011
2. New principal and interest payment amount:          $326.73
3. Escrow Payment (if applicable):                     $227.32
   The required escrow payment is based on your previous analysis. Please
   review the escrow disclaimer on the Borrower Acknowledgements,
   Agreements, and Disclosures document for more information on your
   escrow payment.
4. Estimated new net payment:                          $554.05
   This payment amount includes Principal, Interest, and Escrow (if
   applicable)
5. Modified maturity date:                             10/01/2033
6. Interest rate:                                      4.750%
7. Payment Amount to be paid by borrower, if applicable. $4,036.33

There could still be outstanding fees/costs that are owed after the
modification is completed. These fees would be reflected on the Loan
Modification Settlement Statement.

If we can be of further assistance, please call us at 800-416-1472,
Monday - Thursday 7AM - 10PM CST, Friday 7AM - 9PM CST,
Saturday 8AM - 2PM CST.

Sincerely,

*Angela Parker*
*803-835-9274*

This communication is an attempt to collect a debt and any information
obtained will be used for that purpose. However, if you have received a
discharge of this debt in bankruptcy or are currently in a bankruptcy
case, this notice is not intended as an attempt to collect a debt and
this company has a security interest in the property and will only
exercise its rights as against the property.

Together we'll go far



Wells Fargo Home Mortgage
MAC X9999-01N
1000 Blue Gentian Road  Ste 30C
Egan, MN 55121-1786

Tel:  800 416 1472

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors ma contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

LM550/7ID/3

Together we'll go far



Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.



**Wells Fargo Home Mortgage**
MAC X9999-01N
1000 Blue Gentian Road  Ste 300
Egan, MN 55121-1786

Tel:  800 416 1472

April 29, 2011
Loan Number: 936 8003214155

Borrower Acknowledgements, Agreements, and Disclosures

## Fair Debt Collections Practices Act (FDCPA)

Wells Fargo Bank, N A is required by the Fair Debt Collections Practices Act to inform you that if your loan is currently delinquent or in default, as your loan servicer, we will be attempting to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, Wells Fargo Bank, N A will only exercise its right against the property and is not attempting any act to collect the discharge debt from you personally.

## California Rosenthal Verbiage

With respect to loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats or violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

## Bankruptcy Disclosure

If you have received a discharge and the loan was not reaffirmed in the bankruptcy case, we will only exercise our rights against the property and are not attempting any act to collect the discharged debt from you personally.

## Escrow Payment Disclosure

If applicable, your escrow shortage may not be fully included in the modification terms. The escrow payment may be subject to an additional increase in the future. Your loan may be analyzed after the terms of the modification are met. You will receive a notice regarding any additional increase to the escrow payment.

## Title Report

In certain instances, a Title Report will be required. The Title Report will validate the Mortgage/Deed of Trust will remain in first lien position. In the event the modification request is canceled or denied, your loan may be assessed with a title search fee up to $150.00.

LM505/71D



Together we'll go far



Wells Fargo Home Mortgage
MAC X9999-01N
1000 Blue Gentian Road  Ste 30C
Egan, MN 55121-1786

Tel:  800 416 1472

April 29, 2011

## LOAN MODIFICATION SETTLEMENT STATEMENT

CUSTOMER INFORMATION:
Loan Number:        936 8003214155
Property Address:   6813 W 33rd St
                    Little Rock AR 72204

TOTAL AMOUNT DUE PRE-MODIFICATION

| | | |
|---|---|---:|
| Principal | $ | 43,202.11 |
| Interest | $ | 5,292.21 |
| Escrow | $ | 4,912.93 |
| Late Fees/NSF Fees | $ | 98.34 |
| Recoverable Expenses* | $ | 4,651.33 |
| Less Funds Already on Deposit | ($ | 0.00) |
| | | |
| Total Amount Due Pre-Modification | $ | 58,156.92 |

AMOUNTS INCLUDED (Capitalized in the Modification):

| | | |
|---|---|---:|
| Interest | $ | 5,292.21 |
| Escrow | $ | 4,912.93 |
| Recoverable Expenses*: | $ | 615.00 |
| Total Capitalized Amount | $ | 10,820.14 |

LM555/7ID/Pg.1
**Continue to next page**

Together we'll go far



Wells Fargo Home Mortgage
MAC X9999-01N
1000 Blue Gentian Road  Ste 300
Egan, MN 55121-1786

Tel:  800 416 1472

```
OUTSTANDING BALANCES:
Principal                                      $     54,022.25
Interest                                       $          0.00
Escrow                                         $          0.00
Late Fees/NSF Fees                             $         98.34
Recoverable Expenses*                          $      4,036.33
Amt Applied to 1st Modified Pymt as shown on page 2  $    0.00
Less Funds from Borrower                       ($     4,036.33)
Less Amount for Adjustments                    ($        98.34)

TOTAL AMOUNT OWED AFTER MODIFICATION           $     54,022.25
```

\* Recoverable Expenses may include, but are not limited to: Title, Attorney fees/costs, BPO/Appraisal, and/or Property Preservation / Property Inspections

NOTE: Upon completion of your loan modification, a letter will be provided to you with a detailed breakdown of the outstanding balance of $0.00 that are still due and payable on your loan. You are responsible for making payment arrangements for the amount outstanding.

TERMS OF THE MODIFICATION:

|  | Pre-Modification | Modified |
|---|---|---|
| Unpaid Principal Balance | $   43,202.11 | $   54,022.25 |
| Interest Rate | 7.00000% | 4.750% |
| Monthly Principal & Interest Payment | 404.17 | 326.73 |
| Maturity Date | 10-23 | 10/01/2033 |
| First Modified Payment Due Date |  | 06/01/2011 |
| New Term (months) |  | 269 |

```
1st MODIFIED PAYMENT DUE
First Modified Payment Amount                  $        554.05
Amount Applied Towards 1st Mod Payment Due     $          0.00
Amount owed by you on 06/01/2011               $        554.05
```

LM556/7ID/Pg.2

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.



Wells Fargo Home Mortgage
MAC X9999-01N
1000 Blue Gentian Road  Ste 300
Egan, MN 55121-1786

Tel:  800 416 1472

LOAN MODIFICATION AGREEMENT
LOAN NUMBER: 936 8003214155
PROPERTY ADDRESS 6813 W 33rd St
                 Little Rock AR 72204-4718

THIS LOAN MODIFICATION AGREEMENT ("Agreement"), made on
April 29, 2011, by and between Gary Williams and
                              and (the "Borrower(s)") and
Wells Fargo Bank, N A (the "Lender",
together with the Borrower(s), the "Parties").

### WITNESSETH

WHEREAS, Borrower has requested and Lender has agreed, subject to the
following terms and conditions, to a loan modification as follows:
NOW THEREFORE, in consideration of the covenants hereinafter set forth
and for other good and valuable consideration, the receipt and
sufficiency of which are hereby acknowledged by the Parties, it is agreed
as follows (notwithstanding anything to the contrary in the Note and
Security Instrument dated 09/30/1993.)
1.  BALANCE. As of April 29, 2011, the amount payable under the Note
and Security Instrument (the "Unpaid Principal Balance") is U.S.
$ 43,202.11.
2.  EXTENSION. This Agreement hereby modifies the following terms of the
Note and Security Instrument described herein above as follows:
A. The current contractual due date has been extended from 09-01-09
to 06/01/2011. The first modified contractual due date is on
06/01/2011.
B. The maturity date has been extended from 10-23 (month/year) to
10/01/2033.
C. The amount of interest to be included (capitalized) will be U.S.
$ 5,292.21.
The amount of the Escrow Advance to be capitalized will be U.S. $4,912.93.
The amount of Recoverable Expenses* to be capitalized will be
U.S. $615.00.
The modified Unpaid Principal Balance is U.S. $ 54,022.25.
* Recoverable Expenses may include, but are not limited to: Title,
Attorney fees/costs, BPO/Appraisal, and/or Property Preservation/
Property Inspections

D. The Borrower(s) promises to pay the Unpaid Principal Balance plus
interest, to the order of the Lender. Interest will be charged on the
Unpaid Principal Balance of U.S. $ 54,022.25. The Borrower(s) promises
to make monthly payments of principal and interest of U.S. $ 326.73,
at a yearly rate of 4.750%, not including any escrow deposit, if
applicable. If on the maturity date the Borrower(s) still owes an amount
under the Note and Security Instrument, as amended by this Agreement,
Borrower(s) will pay this amount in full on the maturity date.
LM521/7ID/1

Together we'll go far



Wells Fargo Home Mortgage
MAC X9999-01N
1000 Blue Gentian Road Ste 300
Egan, MN 55121-1786

Tel: 800 416 1472

3.   NOTE AND SECURITY INSTRUMENT. Nothing in this Agreement shall be understood or construed to be a satisfaction or release, in whole or in part of the Borrower's obligations under the Note or Security Instrument. Further, except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and shall comply with, all of the terms and provisions thereof, as amended by this Agreement.

4.   The undersigned Borrower(s) acknowledge receipt and acceptance of the Loan Modification Settlement Statement. Borrower(s) agree with the information disclosed in and understand that I/we am/are responsible for payment of any outstanding balances outlined in the Loan Modification Settlement.

5.   The undersigned Borrower(s) acknowledge receipt and acceptance of the Borrower Acknowledgements, Agreements, and Disclosures Document (BAAD).

6.   If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Truth in Lending statement.

7.   If included, the undersigned Borrower(s) acknowledge receipt and acceptance of the Special Flood Hazard Area (SFHA).

8.   That (he/she/they) (is/are) the Borrower(s) on the above-referenced Mortgage Loan serviced by Wells Fargo Bank, N A.

That (he/she/they) have experienced a financial hardship or change in financial circumstances since the origination of (his/her/their) Mortgage Loan.

That (he/she/they) did not intentionally or purposefully default on the Mortgage Loan in order to obtain a loan modification.

LM521/7ID/2



Together we'll go far



**Wells Fargo Home Mortgage**
MAC X9999-01N
1000 Blue Gentian Road  Ste 300
Egan, MN 55121-1786

Tel:  800 416 1472

CORRECTION AGREEMENT. The undersigned borrower(s), for and in consideration of the approval, closing and funding of this Modification, hereby grants Wells Fargo Bank, N A, as lender, limited power of attorney to correct and/or initial all typographical or clerical errors discovered in the Modification Agreement required to be signed. In the event this limited power of attorney is exercised, the undersigned will be notified and receive a copy of the document executed or initialed on their behalf. This provision may not be used to modify the interest rate, modify the term, modify the outstanding principal balance or modify the undersigned's monthly principal and interest payments as modified by this Agreement. Any of these specified changes must be executed directly by the undersigned. This limited power of attorney shall automatically terminate in 120 days from the closing date of the undersigned's Modification. _G D W_ (Borrower(s) initial)

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as the date first above written.

By signing this Agreement I hereby consent to being contacted concerning this loan at any cellular or mobile telephone number I may have. This includes text messages and telephone calls including the use of automated dialing systems to contact my cellular or mobile telephone. You will not be billed by your cellular or mobile carrier for any text messages you may receive from Wells Fargo, however, any calls we place to your cellular or mobile phone will incur normal airtime charges assessed by your mobile carrier.

Dated as of this _26_ day of _May_ , 20_11_.

_Gary Williams_
Gary Williams
Signature

_Jura L Williams & Freda Williams_
Signature

_____
Wells Fargo Bank, N A

Name: _____

Its: _____
LM527/7ID/3

Together we'll go far

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.



Wells Fargo Home Mortgage
MAC X2302-017
1 Home Campus
Des Moines, IA 50328-0001

January 27, 2012

Estate of Gary Williams
6813 W 33rd St
Little Rock AR 72204

Dear Estate of Gary Williams:

RE: Loan Number 8003214155                    Client 936
    Mortgagor(s)  Gary Williams
    Property      6813 W 33rd St
                  Little Rock AR 72204-4718

This letter is in response to the notification of the death of the
mortgagor on the loan referenced above. Please accept our sincere
condolences for your loss.

As of the date of this letter, the account is paid through 08-01-09. The
required monthly payment is $ 584.21.

In order to preserve our data integrity and history on the account, we
request that you provide us with the following item(s) checked below:

_____ Copy of the official Death Certificate or Interim Report of Casualty.
__X__ Copy of the official documentation appointing an Executor, Personal
      Representative or Administrator of the estate. Please provide the
      contact information for the appointed party(s); mailing address
      and/or phone number.
                        OR
      If no estate has been/will be established or required please provide
      us with a county or court certified document which confirms that no
      estate will be established. This document must also name the party(s)
      responsible for managing the decedent's financial affairs. Please
      accompany this documentation with a letter which provides contact
      information for the party(s) named within the county or court
      certified document.
__X__ We are unable to accept or take action on the documentation you
      provided. In order for Wells Fargo Home Mortgage to accept this
      documentation, it must be a county or court certified document. If
      these requirements cannot be met, please provide a letter with the
      name of the attorney who has been retained to represent the estate.
      This letter should specify that the documentation provided is
      current, true and accurate.

WC178/CAD/1



EXHIBIT
E

Together we'll go far

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

2012009713 Received: 2/21/2012 1:19:55 PM
Recorded: 02/21/2012 02:25:42 PM Filed &
Recorded in Official Records of Larry Crane.
PULASKI COUNTY CIRCUIT/COUNTY CLERK
Fees $25.00

Exhibit 2



This Instrument Prepared by:
*Robert M. Wilson, Jr.*
**WILSON & ASSOCIATES, P.L.L.C.**
1521 Merrill Drive, Suite D-220
Little Rock, Arkansas 72211
(501) 219-9388

## TRUSTEE'S NOTICE OF DEFAULT AND INTENTION TO SELL

### YOU MAY LOSE YOUR PROPERTY IF YOU DO NOT TAKE IMMEDIATE ACTION.

### IF YOUR PROPERTY IS SOLD, YOU WILL REMAIN LIABLE FOR ANY DEFICIENCY WHICH THEN EXISTS AND AN ACTION FOR COLLECTION MAY BE BROUGHT AGAINST YOU.

### THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR SUCH PURPOSE.

WHEREAS, on September 30, 1993, Gary Dean Williams and Freda L. Williams executed a deed of trust conveying certain property therein described to J.S. Brooks, as Trustee, in favor of First Financial Bank, F.S.B.; and

WHEREAS, said deed of trust was duly recorded October 25, 1993, as Instrument No. 93 73030 in the real estate records of Pulaski County, Arkansas; and

WHEREAS, default has occurred in the payment of said indebtedness and the same is now, therefore, wholly due, and the owner and holder of the debt has requested the undersigned to sell the property to satisfy said indebtedness, the party initiating this action is Wells Fargo Bank NA, 3476 Stateview Blvd, , Fort Mill, SC 29715, (800)662-5014;

WHEREAS, the mortgagee or beneficiary has provided the undersigned a copy of the letter required to be sent to Gary Dean Williams and Freda L. Williams by Act 885 of 2011; and

WHEREAS, there may be tenants that claim an interest in the real property herein based upon said tenancy.

NOW, THEREFORE, notice is hereby given that the entire indebtedness has been declared due and payable, and that an agent of Wilson & Associates, P.L.L.C., as Trustee, by virtue of the power, duty, and authority vested in and imposed upon said Trustee will, on May 1, 2012, at or about 3:30 P.M. at the Pulaski County Courthouse in Little Rock, Arkansas, offer for sale certain property hereinafter described to the highest bidder for cash, free from the statutory right of redemption, homestead, dower, and all other exemptions which are expressly waived in the deed of trust, said property being real estate situated in Pulaski County, Arkansas, and being more particularly described as follows:

The South 135 feet of the East 15 feet of Lot 1 and the South 135 feet of the West 45 feet of Lot 2, Block 4, Interurban Heights, and a strip 5 feet wide North and South by 60 feet long, East and West, lying South of and adjoining the East 15 feet of Lot 1 and the West 45 feet of Lot 2, Block 4, Interurban Heights, being a, part of what was formerly platted as an alley, now in the City of Little Rock, Pulaski County, Arkansas.

More commonly known as: 6813 West 33rd Street, Little Rock, Arkansas 72204

**UNLIKE JUDICIAL FORECLOSURE SALES, THIS STATUTORY FORECLOSURE SALE WILL BE HELD AT THE FRONT DOOR OF THE INSIDE THE MAIN ENTRANCE OF THE**

EXHIBIT

C

**PULASKI COUNTY COURTHOUSE OR, IF THERE IS NO AREA COMMONLY KNOWN AS THE FRONT DOOR, THEN THE SALE WILL BE HELD AT THE PLACE AT SAID VENUE WHERE FORECLOSURE SALES ARE CUSTOMARILY ADVERTISED AND CONDUCTED.**

This sale is subject to all matters shown on any applicable recorded plat; any unpaid taxes; any restrictive covenants, easements, or setback lines that may be applicable; any statutory rights of redemption of any governmental agency, state or federal; any prior liens or encumbrances as well as any priority created by a fixture filing; and to any matter that an accurate survey of the premises might disclose.

The sale held pursuant to this Notice may be rescinded at the Trustee's option at any time. The right is reserved to adjourn the day of the sale to another day, time and place certain without further publication, upon announcement at the time and place for the sale set forth above. **THE TERMS OF SALE ARE CASH THE DAY OF SALE AND ALL TRANSFER TAXES WILL BE THE RESPONSIBILITY OF THE PURCHASER. W&A No. 1292-173776**

WILSON & ASSOCIATES, P.L.L.C.
1521 Merrill Drive, Suite D-220
Little Rock, Arkansas 72211
(501) 219-9388

By: _____
Courtney Miller (2008263)

Date: _2-16-2012_____

## ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF PULASKI

      Before me, the undersigned notary public of the state and county aforesaid, personally appeared Courtney Miller, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who, acknowledged such person to be a Director (or other such officer authorized to execute the instrument) of Wilson & Associates, P.L.L.C., and that such officer executed the foregoing instrument for the purposes therein contained by personally signing hereto.

      Witness my hand and seal at office in Little Rock, Arkansas this _____16_____ day of _Febuary 2012_

> KAMI GARRETT
> Notary Public-Arkansas
> Saline County
> My Commission Expires 04-19-2021
> Commission # 12381846

_____
Notary Public

My Commission Expires: _4-19-2021_

VA No. 505060146592
DNoticeofDefaultTrusteeAR_mgrayer_120216_1308

## For more information regarding this foreclosure sale, visit **WWW.MYFIR.COM**, or for general information call 501-224-5239

1292-173776



*Exhibit-6*

**WILSON & ASSOCIATES, PLLC**
www.wilson-assoc.com
Attorneys at Law

Courtney Miller
501-219-9388 Tel
501.734.4643 Direct Fax
cmmiller@wilson-assoc.com

March 6, 2012

Terra L. Williams, Her and Administratrix of Estate of Gary Williams
6813 West 33rd St.
Little Rock, AR 72204

CC: Paula Jamell Storeygard
One Riverfront Place, 8th Floor
North Little Rock, AR 72114

RE:   Gary Dean Williams and Freda L. Williams
      6813 West 33rd Street
      Little Rock, AR 72204
      W&A No. 173776

Mr. Williams:

My investigation into the disputed debt on the above-referenced property is concluded, and it appears from the records provided by my client, Wells Fargo, that the debt is valid and the account is in default. The last payment applied to the account was processed on 9/12/11 in the amount of $620.00 and applied to 9/2009. Wells Fargo has verified that no loan modification was completed in April 2011 as referenced in your letter due to the fact that necessary loan modification documents were not properly and timely executed and returned to Wells Fargo. I have attached a copy of your deed of trust for your review. Please be advised that the original lender is First Financial Bank, F.S.B.

If you have proof of payments not reflected on the payment history, please forward documentation to our office. Documentation would include the front and back copies of checks and/or money orders. Bank statements are not sufficient for research purposes. If you have proof that all required loan modification documents were properly executed and timely submitted to Wells Fargo, please forward verifiable proof to our office. If said documentation is not provided to us, we will assume that it does not exist. Pursuant to FDCPA guidelines, and absent any additional evidence to the contrary, the debt in question is valid. Please be advised that, absent instructions from my client to the contrary, we will proceed with foreclosure.

Sincerely,

Wilson & Associates, P.L.L.C.
Courtney Miller
Attorney at Law

EXHIBIT
H

Locations in Arkansas & Tennessee
---

521 Merrill Drive, Suite D-220   1882 North Starr Road   701 Broadway, Suite 128   200 Jefferson, Suite 750   109 Northshore, Suite 302
Little Rock, AR 72211       Fayetteville, AR 72701    Nashville, TN 37203     Memphis, TN 38103       Knoxville, TN 37919
Phone: (501) 219-9388       Phone: (870) 523-6696     Phone: (615) 255-9388   Phone: (901) 578-9914   Phone: (865) 558-5688
Fax: (501) 219-9458         Fax: (479) 521-5543       Fax: (615) 255-5581     Fax: (901) 578-9917     Fax: (865) 558-9078