IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERA L. WILLIAMS, INDIVIDUALLY and
as ADMINISTRATOR OF THE ESTATE OF
GARY DEAN WILLIAMS, DECEASED,
TAKENUA LAVANDA SHEPHARD
and FREDA L. WILLIAMS                                    PLAINTIFFS

v.                                          DOCKET NO. 4:12-CV-401 JMM

WELLS FARGO BANK N.A. and
WILSON & ASSOCIATES, P.L.L.C.                           DEFENDANTS

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### I.    INTRODUCTION

Plaintiffs have filed a Complaint seeking declaratory judgment that defendants have no

standing to foreclose (or enforce the Note or the Deed of Trust) the loan at issue in this case; for

an award of actual and compensatory damages, and for punitive damages; and alternatively, for a

return of certain payments allegedly made to "Defendants" "for the life of the loan", or for

declaratory judgment that the terms in a purported Loan Modification Agreement were "illegal"

or otherwise unconscionable, a breach of contract, or in breach of good faith and fair dealing

(and/or for reformation of certain instruments).  In large part, Plaintiffs base their claims on the

notion that there was a valid Loan Modification Agreement (LMA), with Defendant Wells

Fargo, executed by Gary and Freda Williams in May 2011.

For the reasons set forth both herein, and in Separate Defendant Wilson & Associates,

PLLC's (referred to herein as "Wilson" or "Separate Defendant") Motion to Dismiss, any and all

claims against Separate Defendant Wilson should be dismissed pursuant to *FRCP 12(b)(6),* as

Plaintiffs fail to state a claim against Wilson.

## II.    STANDARD

For purposes of a Motion to Dismiss, the Court considers all facts alleged in the Complaint as true, *O&V General Motors Corp., 533 F.3rd 913 (8th Circuit Cir. 2008).* To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal, 556 US _____, 129 S.Ct. 1937, 1949, 173 LEd. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).* A claim has factual plausibility when Plaintiff pleads sufficient facts to allow the Court to draw a reasonable inference that the Defendant is liable for the alleged misconduct. *Id.* To satisfy the obligation to provide the grounds of the entitlement to relief requires more than mere labels and conclusion and/or naked assertions. *Iqbal, 129 S.Ct., 1949 (quoting Twombly, 550 U.S. at 555, 557).* Nor will a formulaic recitation of the elements of a cause of action suffice. *Twombly 550 U.S. at 555.*

In reviewing a motion to dismiss under *Fed. R. Civ. P. 12(b)(6),* this Court is not precluded from taking notice of items in public record. *Papasan v. Allain, 478 U.S. 265, 269 (1986); Stahl v. U.S. Dept of Agric., 327 F.3d 697, 7000 (8th Cir. 2003).* A motion to dismiss is not automatically converted to a motion for summary judgment merely because one party submits additional matters related to the motion. *Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999).* A court may consider materials that are part of the public record or do not contradict the complaint in deciding a motion under Rule 12(b)(6). *Id.*

## III.    ARGUMENT

Plaintiffs' Complaint includes the following Counts: Violations of the Arkansas Statutory Foreclosure Act; Violations of Federal Garn-Saint Germaine Act; Violations of the Federal Real Estate Settlement and Procedures Act (RESPA); Violations of the Federal Truth in Lending Act

(TILA); Violations of the Federal Fair Debt Collections Practices Act (FDCPA); Violations of Arkansas Deceptive Trade Practices Act (ADTPA); Violations of the Fair Credit Reporting Act (FCRA); Violations of the Federal Home Ownership Equity Protection Act (HOEPA); breach of contract; fraudulent misrepresentation of the "Modification". For the reasons set forth herein, any and all counts and/or allegations pertaining to Separate Defendant Wilson fail to state a claim and should be dismissed.

**A. Plaintiffs fail to state a claim for Violation(s) of the Arkansas Statutory Foreclosure Act.**

Plaintiffs assert various allegations with regard to violation(s) of the Arkansas Statutory Foreclosure Act, codified at *A.C.A. § 18-50-101, et seq.* Plaintiffs appear to allege that Wilson and Wells Fargo lack "standing"; that defendants failed to cause a substitution of trustee to be recorded; and that it violated several other provisions within said act. For the reasons below, Plaintiffs fail to state any form of a cognizable claim against Wilson, and any and all counts related to a violation of the Arkansas Statutory Foreclosure Act should be dismissed.

*1. Standing*

Plaintiffs assert that Wilson lacks "standing" to pursue a statutory foreclosure. First, Plaintiffs appear to be invoking *Rule 17(a) (Real Party in Interest) of the Arkansas Rules of Civil Procedure.* A statutory foreclosure is not a "state action", as the private use of state-sanctioned private remedies or procedures does not rise to the level of state action. *See Parker v. Bancorpsouth Bank, 369 Ark. 300; 253 S.W.3d 918 (Ark. 2007), citing Tulsa Prof'l Collection Servs. v. Pope, 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed. 2d 565 (1988).* The Arkansas Rules of Civil Procedure do not apply to statutory foreclosures. *See ARCP 81(a); Union Nat'l Bank v. Nichols, 305 Ark. 274, 807 S.W.2d 36 (Ark. 1991).*

Second, Wilson is not the party who initiated the action.  Defendant respectfully requests that the Court take judicial notice of the Trustee's Notice of Default and Intention to Sell, filed on February 21, 2012. *See also Exhibit to Plaintiffs' Complaint.*  Said Notice, as required by Arkansas law, clearly advises that Wells Fargo Bank, NA, is the party who initiated the action in question.  Separate Defendant was merely the entity appointed as substitute trustee, pursuant to *A.C.A. § 18-50-102*, for the purposes set forth in *A.C.A. § 18-50-101, et seq*.  Plaintiffs fail to state a claim against Separate Defendant, as the "standing" of Separate Defendant, as pled, is not a legally cognizable claim in this case.  Furthermore, as addressed herein, Wells Fargo possessed the requisite authority, in all respects, to foreclose on the property pursuant to Arkansas law.

## 2.   *Failure to file a Substitution of Trustee in violation of A.C.A. § 18-50-102*

Plaintiffs allege that no Substitution of Trustee for the subject loan has been filed in the Real Estate Records of Pulaski County as of May 15, 2012. *See Complaint, Paragraphs 11 and 35. A.C.A. § 18-50-102(b)(1)* provides that a beneficiary may appoint a successor trustee at any time by filing a substitution of trustee for record with the  recorder of the county in which the trust property is situated. *A.C.A. § 18-50-102* (f) states that a substitution of trustee "shall be recorded *before* any trustee's or mortgagee's deed executed by the substituted trustee or attorney-in-fact is recorded."

As no sale has taken place, and no trustee's deed has been executed or recorded, Plaintiffs' claim fails as a matter of law, as there is no requirement that a substitution of trustee be filed of record beforehand. *A.C.A. § 18-50-102 (f)*.  Nevertheless, a Substitution of Trustee *was* recorded with the Pulaski County Circuit Clerk on March 6, 2012 as Instrument No. 2012013261.  Said document is attached hereto, as *Exhibit "A"*, and Defendant asks this Court to take judicial notice of the same.

3. *A.C.A. § 18-50-103 and A.C.A. § 18-50-104*

Plaintiffs allege that the "defendants" violated *A.C.A. § 18-50-103 and 104. See Plaintiffs' Complaint, Paragraph 36-40. A.C.A. § 18-50-103* ("*Conditions to exercise of power of sale*") applies to "a beneficiary or mortgagee." *A.C.A. § 18-50-103(C)* states, "The duties of the beneficiary or mortgagee to provide information under subdivision (2) of this section are not delegable to the beneficiary's trustee or the mortgagee's attorney-in-fact." Separate Defendant is not the beneficiary of the mortgage, rather it is the trustee; consequently, any related allegation against Wilson fails to state a claim and should be dismissed. Furthermore, any allegations pertaining to either provision contain nothing more than "formulaic recitations" of elements, rendering the pleadings deficient. *Iqbal and Twombly, supra.*

Like *A.C.A. § 18-50-103, A.C.A. § 18-50-104(a)(3)(A)* applies solely to a "beneficiary or mortgagee", and *A.C.A. § 18-50-104(a)(3)(B)* provides that duties of the beneficiary or mortgagee to provide information under subdivision (a)(3)(A) of this section are not delegable to the beneficiary's trustee or the mortgagee's attorney-in-fact." For the reasons set forth in the preceding paragraph, Plaintiffs likewise fail to state a claim against Wilson with regard to any purported violation of *A.C.A. § 18-50-104.*

4. *A.C.A. § 18-50-117*

In *Paragraph 41* of the Complaint, Plaintiffs allege that Wells Fargo "is not authorized to do business in the State of Arkansas and therefore, pursuant to *A.C.A. 18-50-117*, has no standing to avail itself of the Arkansas Statutory Foreclosure Act." Plaintiffs appear to rely on the bankruptcy decision in the case of *In Re Johnson, 460 BR 234, 2011 Bankr. LEXIS 3788 (Bankr. E.D. Ark., 2011).* In the subsequent opinion in the case of *JPMorgan Chase Bank, NA v. Johnson, et al., 470 BR 8292012 US Dist LEXIS 66149, (D. Ark., May 11, 2012),* the United

States District Court for the Eastern District of Arkansas, Jonesboro Division reversed and remanded (in a separate Memorandum Opinion) the case of *In Re Johnson*. The reasoning set forth therein speaks for itself, and the allegations in *Paragraph 41* of the complaint are without merit and thus do not support a claim for violation of the Arkansas Statutory Foreclosure Act or for any purpose herein.

> 5. *Any and all issues related to the statutory foreclosure in question are either not ripe, or they are moot; therefore, they fail to state a claim and should be dismissed.*

Article III operates as a limit on the jurisdiction of the federal courts; the courts may decide only actual cases or controversies. A case is regarded as moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Commission v. Graghty, 445 U.S. 388, 396, 63 L. Ed. 2d 479, 100 S. Ct. 1202 (1980)*. It is from this requirement that the ban on advisory opinions has developed, and the controversy requirement of the Declaratory Judgment Act is identical with that of Article III of the Constitution. *Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 81 L.Ed. 617, 57 S. Ct. 461 (1974)*. It is of no consequence that a controversy was live at earlier stages of a case; it must be live when the Court decides the issues. *Lupiani v. Wal-Mart Stores, Inc., 435 F.3d 842 (8th Cir. 2006)*. A court must dismiss any case that is moot to avoid rendering an advisory opinion. *Id. See also Coley v. Accredited Home Lenders, Inc., 2011 US Dist LEXIS 38294 (D. Ark. 2011)* (Whether the Notice of Default was valid is moot when a foreclosure sale described in the notice was cancelled, as an attorney in fact would be required by law to file a new Notice of Default and Intention to Sell before a sale could take place.)

The foreclosure sale in question was set to take place on May 1, 2012. *See Complaint,*
*Exhibit "G" (Notice of Default).* Said foreclosure sale was enjoined by the Order of the Circuit
Court of Pulaski County, 9th Division, entered on April 24, 2012. Consequently, there is no
existing, pending statutory foreclosure involving the property in question. In fact, pursuant to
the notice requirements contained within *A.C.A. § 18-50-101, et seq.,* any foreclosure would
have to essentially be re-initiated. *See A.C.A. § 18-50-104 and 107.* Plaintiffs do not allege that
any party herein has attempted to "re-foreclose" or in any way continue to seek the remedies
available under the Arkansas Statutory Foreclosure Act. For the reasons set forth above, any and
all issues related to the statutory foreclosure are moot, or not ripe, and should be dismissed.
Specifically, any and all related claims allegedly warranting declaratory or injunctive relief
should be dismissed pursuant to Rule 12(b)(6).

**B. Plaintiffs fail to state a claim against Separate Defendant under the FDCPA.**

Plaintiffs appear to advance several allegations against Separate Defendant, pursuant to
the Fair Debt Collection Practices Act (FDCPA), codified at 15 USC 1691, et seq. *See*
*Complaint, Count V.* Plaintiffs fail to state a claim against Wilson under the FDCPA.

The purpose of the FDCPA is to eliminate abusive debt collection practices by debt
collectors. *See Richmond v. Higgins, 435 F.3d 825, 828 (8th Cir. 2006).* Plaintiffs fail to state a
claim that Wilson was acting as a debt collector, as the sole contention with regard to Wilson's
alleged "debt collector" status is contained in *Paragraph 82 of the Complaint,* wherein Plaintiffs
merely reference "communication with Wilson, a debt collector…" Plaintiffs fail to plead any
additional allegations warranting the inclusion of Wilson as a debt collector, as defined by the
FDCPA.

Most federal courts have held that the provisions of the FDCPA (with the exception of §
1692f(6) and § 1692i(a)n4, which are expressly applicable to the enforcement of security
interests), to be inapplicable to the enforcement of security interests, such as in the context of
the typical non-judicial home foreclosure. *Fouche v. Shapiro & Massey LLP, 575 F. Supp.2d
776, 785 (S.D.Miss 2008), citing See, e.g., Maynard v. Cannon, No. 2:05CV335DAK, 2008 U.S.
Dist. LEXIS 46768, 2008 WL 2465466, at 4 (D. Utah June 16, 2008)* (where evidence showed
that defendant attorney was hired for limited purpose of non-judicially foreclosing deed of trust,
and plaintiff offered no evidence as to the frequency of defendant's security enforcement or debt
collection practices, defendant's activities fall outside the FDCPA's general provisions); *Overton,
No. 1:07-cv-0274-DFH-TAB, 2007 U.S. Dist. LEXIS 61705, 2007 WL 2413026, at (S.D. Ind.
Aug. 21, 2007)* (recognizing majority position that party whose activities are limited to
enforcement of security interests is not subject to all FDCPA requirements, and stating, "[i]f a
person invokes judicial remedies only to enforce the security interest in property, then the effort
is not subject to the FDCPA (other than § 1692f(6) and § 1692i(a))[,] [b]ut if the person is also
seeking additional relief, such as a personal judgment against the borrower, then the FDCPA
applies.") (collecting cases); *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP, Civ. No. 06-3103
(RHK/AJB), 2007 U.S. Dist. LEXIS 67826, 2007 WL 2695795, at *6 (D. Minn. Sept. 12, 2007)*
(holding that law firm executing nonjudicial foreclosure  proceeding was enforcing a security
interest rather than collecting a debt and hence fell outside the ambit of the FDCPA except for
the provisions of section 1692f(6)); *Acosta v. Campbell, No. 6:04CV761 ORL28DAB, 2006 U.S.
Dist. LEXIS 92861, 2006 WL 3804729, at *4 (M.D. Fla. Dec. 22, 2006)* ("Nearly every court that
has addressed the question has held that foreclosing on a mortgage is not a debt collection
activity for the purposes of the FDCPA"); *Beadle v. Haughey, No. Civ. 04-272-SM, 2005 U.S.*

*Dist. LEXIS 2473, 2005 WL 300060, at *3 (D.N.H. Feb. 9, 2005)* ("[I]t seems very well established that foreclosing on a mortgage does not constitute debt-collecting activity under the FDCPA."); *Rosado v. Taylor, 324 F. Supp. 2d 917, 924 (N.D. Ind. 2004)* ("Security enforcement activities fall outside the scope of the FDCPA because they aren't debt collection practices"); *Hulse v. Ocwen Federal Bank, FSB, 195 F. Supp. 2d 1188, 1210 (D. Or. 2002)* (actions taken by attorneys as part of foreclosure of trust deed "may not be challenged as FDCPA violations").

The Arkansas Statutory Foreclosure Act, codified at ACA 18-50-101, et seq, merely sets forth a mechanism by which to foreclose upon real property. In *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP, Civ. No. 06-3103 (RHK/AJB), 2007 U.S. Dist. LEXIS 67826, 2007 WL 2695795, at *6 (D. Minn. Sept. 12, 2007)*[1], the court noted that Minnesota's nonjudicial foreclosure statute (like Arkansas' version) requires that there be no action pending at law to recover the debt. *See A.C.A. 18-50-103(4) (Conditions to exercise of Power of Sale).*[2] Plaintiffs do not allege, and public record does not support, the notion that there was any pending action to recover any relevant debt related to the property in question. In Arkansas, the Statutory Foreclosure Act requires a separate judicial action to be taken within one year from a foreclosure sale, if a party wishes to seek a deficiency judgment. *See ACA 18-50-112.*

As set forth above, Plaintiffs merely state that Wilson is a debt collector, absent any further allegations in support of this "naked assertion." *See Complaint, Paragraph 82.* This lone statement constitutes nothing more than a mere label, conclusion and/or naked assertion; consequently, Wilson is entitled to dismissal of any and all claims related to its status as a debt

---

[1] *Chomilo* is attached hereto.
[2] ACA 18-50-103(4) provides that a non judicial foreclosure may be initiated (if additional requirements are met) if "No action has been instituted to recover the debt or any part of it secured by the mortgage or deed of trust or, if such action has been instituted, the action has been dismissed."

collector under the FDCPA.  *See Iqbal, 129 S.Ct., 1949 (quoting Twombly, 550 U.S. at 555, 557).*

Furthermore, while for the reasons set forth herein, the Complaint fails to state sufficient facts to warrant any claim against Wilson under the FDCPA, Plaintiffs also fail to specifically state a claim as to the parties aggrieved by any purported FDCPA violations.  While this argument is further addressed at the end of this brief, Plaintiffs' Complaint simply references limited acts by Wilson, including the filing of a Notice of Default and Intention to Sell and the sending of a letter to the Administrator of the Estate of Gary Williams and the estate's counsel.

       *1.*     *§1692e(11)*

First, Plaintiffs appear to assert that Defendant violated *§1692e(11)* of the FDCPA, by failing to disclose in written communications with "plaintiffs" that they were attempting to collect a debt.  Plaintiffs cite one example.  *See Complaint, Exhibit "H".*  Plaintiffs' allegation apparently refers to the failure, under *§1692e(11),* to disclose in subsequent communications, with a consumer, that the communication is from a debt collector.  1692a(3) defines "consumer" as any natural person obligated or allegedly obligated to pay any debt.[3]  The lone example cited by Plaintiffs consists of a letter from Defendant Wilson to Plaintiff Terra Williams (as Administratrix of the Estate of Gary Williams) and the attorney for the Estate of Gary Williams. *See Complaint, Exhibit "H".*

The substance of said communication (*See Plaintiffs' Exhibit "H"),* on its face, infers that at some point in time, there was a request for either verification or information, in some form, by or on behalf of the estate of Mr. Williams.  Nevertheless, as set forth in the cases cited above, Plaintiffs fail to adequately allege that Wilson was acting as a debt collector for purposes

---

[3] Plaintiffs do not allege that the letter in question was made by a debt collector to a consumer, for the purposes of collecting a debt.

of liability under *§1692e(11)*.  In fact, the letter itself further supports the notion that on the face of the pleadings, Wilson was not acting as a debt collector.  *See Complaint and Plaintiffs' Exhibits "G" and "H"*.  Said correspondence clearly provides that Wilson investigated, with its client, the debt in question and the purported loan modification agreement (or lack thereof), and it references to the opportunity to provide any information to the contrary.  *See Complaint, Exhibit "H"*.  Finally, the letter provides that absent instructions to the contrary, Wilson would proceed with foreclosure.  *Id.*  As set forth in the line of cases above, proceeding with a non judicial foreclosure does not equate to collecting a debt, and the letter in question makes no reference to any further attempts to collect a debt, as Wilson was at all times relevant hereto, merely acting under *ACA 18-50-101, et seq*, which does not allow one to collect of monies amidst a statutory foreclosure.

Furthermore, as stated above, the letter in question again appears to be correspondence to the Administratrix of the Estate of Gary Williams and the attorney for the estate.  *See Complaint, Exhibit "H"*.  While there appears to be little guidance with regard to this issue, some courts have addressed similar, subsequent communication when one is represented by counsel.  In the case of *Ignatowski v. GC Servs., 3 F.Supp.2d 187 (1998 D. Conn.),* a federal district court held that no violation of *§1692e(11)* took place, even though consumer collection agency sent facsimile transmission to plaintiff's attorney informing him that plaintiff owed deficiency balance of $ 8,344.23 under lease of repossessed automobile, and it did not contain disclosure that agency was attempting to collect debt and that any information obtained would be used for that purpose, because facsimile was not "false, deceptive, or misleading" since plaintiff's attorney knew agency was attempting to collect his client's debt and that facsimile was sent per request of client or her representative.

Similarly, in Chaudhury v. Gallerizzo, 174 F.3d 394 (4th Cir. 1999), the 4th Circuit held that communication from an attorney to a plaintiff borrower's "settlement attorney", at the attorney's request, did not constitute an attempt to collect a debt under *§1692e(11). See also Francis v. GMAC Mortgage, 2007 US Dist LEXIS 41022 (D. Mich, 2007)* (Letters acknowledging receipt of an inquiry from a plaintiff and a subsequent letter seeking additional information, even while sent by a debt collector, did not qualify as that connected with the collection of a debt.).

Defendant concedes that the above cases alone are not the factual equivalent of the case at hand; however, they provide guidance as to what must be pled in order to state a plausible claim under the standard set forth in *Iqbal (supra).* As aforementioned, the letter in question was sent to both the Administratrix of the Estate of Gary Williams and presumably the Estate's counsel. *See Complaint, Exhibit "H".* Given Plaintiffs failure to provide any context with regard to the letter in question, despite the fact that the letter was clearly in response to some form of an inquiry, the Complaint lacks the requisite factual plausibility to preclude dismissal, as it does not contain sufficient facts to allow the Court to draw a reasonable inference that the Defendant is liable for any alleged misconduct. *Iqbal (supra).*

In sum, Plaintiffs fail to state a claim against Separate Defendant Wilson under *§1692e(11).* Plaintiffs do not state sufficient facts for Wilson to be deemed a debt collector, and the pleadings do not support the notion that Wilson was acting as a debt collector. Plaintiffs also fail to provide any context with regard to the letter in question, failing to allege sufficient facts to state a claim that the correspondence in question was from a debt collector to a "consumer", for the purposes of collecting a debt. For the reasons set forth above, and based upon the pleadings

herein, Plaintiffs fail to state a claim against Separate Defendant Wilson under *§1692e(11),* and Wilson is entitled to dismissal of said claim pursuant to *FRCP 12(b)(6).*

### 2.  *§1692f(1)*

Next, Plaintiffs may be alleging that "Defendants" violated *§1692f(1)* by "collecting late fees and other charges not expressly authorized and fees which were forbidden by contract and state law." *§1692f(1)* forbids debt collectors from collecting any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  Plaintiffs fail to aver anything with regard to the notion that Separate Defendant Wilson collected anything from Plaintiffs.  Moreover, Plaintiffs fail to allege any facts with regard to the purported "fees and other charges not expressly authorized and fees which were forbidden by contract and state law." Rather, Plaintiffs' allegations merely consist of formulaic recitation of elements, labels, conclusions and/or naked assertions; consequently, this claim should be dismissed. *See Iqbal, supra (quoting Twombly, 127 S.Ct. at 1966).*

In sum, Plaintiffs fail to state a claim that Wilson was acting as a debt collector. Furthermore, Plaintiffs allegations with regard to any violation *1692f(1)* are insufficient to state a claim against Wilson, as they consist of nothing more than a formulaic recitation of an alleged violation of the above provision; consequently, this claim should be dismissed for failure to state a claim, pursuant to Rule 12(b)(6). *See Iqbal, supra (quoting Twombly, 127 S.Ct. at 1966).*

### 3.  *1692f(6)*

Plaintiffs allege that "Defendants" threatened to take and actually did take non-judicial foreclosure action against the property when there was no default and defendants had no present right to possession of the property in violation of 12 USC 808(b)(a).  Plaintiffs appear to be

referring to *1692f(6)*, which applies to taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest.

Plaintiffs apparently contend that one or both Defendants violated *1692f(6)* by initiating a non judicial foreclosure action when they had no present right to the property. Again, this statement alone is nothing more than a formulaic recitation of elements, as Plaintiffs do not specifically state how Wilson violated *1692f(6)*. Therefore, this claim should be dismissed for failure to state a claim, under the standard set forth in *Iqbal (supra)*. At best, the incorporation of the previous facts alleged in Plaintiffs' Complaint leads one to assume that Plaintiffs may allege that a violation occurred because either Wells Fargo was (1) not authorized to enforce the security interest in question; or (2) Plaintiffs were not in default.

(a) <u>Authorization to enforce the security interest</u>

Liberally construing Plaintiffs' allegations, the first prong of a violation of *1692f(6)* would presumably be based upon the notion that Wells Fargo was not authorized to enforce the security interest in question, despite the facts that Plaintiffs also claim that they executed a Loan Modification Agreement with Wells Fargo, and they seek to invalidate the agreement, or in the alternative, enforce it. Though it is somewhat unclear, Plaintiffs appear to reference (by incorporation of facts within the Complaint) several theories.

First, in *Paragraph 32* of their Complaint, Plaintiffs allege that the Notice of Default and Intention to Sell, filed by Wilson (*See Exhibit "G" to Plaintiffs' Complaint),* is defective as it "improperly designates the Trustee and unlawfully places Trusteeship in the hands of an entity which has not been properly appointed or assigned an interest in the subject real property." Plaintiffs' *Exhibit "G",* the Notice of Default, speaks for itself. Specifically, said Notice

complies with *ACA § 18-50-104(b)(1)-(7),* and Plaintiffs fail to allege any cognizable violation of the requirements set forth therein.   Defendant assumes that Plaintiffs deem the Notice to be defective because it designates Wilson as the Trustee.   That issue, specifically the argument related to *ACA § 18-50-102* and the appointment of a successor trustee, is addressed within this brief, and for the reasons set forth herein, the allegations in *Paragraph 32* do not support a claim against Wilson under *1692f(6).*

Next, in *Paragraph 41* of the Complaint, Plaintiffs allege that Wells Fargo "is not authorized to do business in the State of Arkansas and therefore, pursuant to 18-50-117, has no standing to avail itself of the Arkansas Statutory Foreclosure Act."   As previously addressed herein, Plaintiffs' contention is without merit. *See JPMorgan Chase Bank, NA v. Johnson, et al., 2012 US Dist LEXIS 66149 (D. Ark. May 11, 2012) (*reversing and remanding the decision in the case of *In Re Johnson, 460 BR 234, 2011 Bankr. LEXIS 3788 (Bankr. E.D. Ark., 2011)).*   For the reasons previously discussed herein, the above allegation fails to support a claim for a violation of *1692f(6).*

Next, in *Paragraphs 42-48* of the Complaint, Plaintiffs appear to raise issues as to the status of Defendant Wells Fargo and its ability to initiate a statutory foreclosure. Plaintiffs rely upon *ACA § 18-50-102(e),* a provision within the Arkansas Statutory Foreclosure Act, alleging that no Appointment of Wells Fargo as Power of Attorney for the Federal Deposit Insurance Corporation (FDIC) is filed of record in Arkansas. *See Complaint, Paragraph 42.*   Plaintiffs base their argument on an erroneous reading of section *18-50-102(e).*   *ACA §18-50-102(e)* provides for the appointment of an attorney in fact, for the purposes of the Arkansas Statutory Foreclosure Act, by a *mortgagee.*   Separate Defendant Wilson was appointed as a successor trustee, by Wells Fargo (the beneficiary), pursuant to *A.C.A. § 18-50-102(b)(1).*   Plaintiffs'

reliance on *ACA §18-50-102(e)* is misplaced and cannot constitute a plausible claim under *1692f(6)*, neither Arkansas law, nor *ACA §18-50-102(e)*, requires that an appointment of Wells Fargo as Power of Attorney for the Federal Deposit Insurance Corporation (FDIC) be filed of record in Arkansas.

While any allegations related to a violation of *1692f(6)* are insufficiently pled and fail to state a claim, the chain of assignments attached to the Complaint speak for themselves. *See Complaint, Exhibit "C".*[4] With regard to the Assignment to Wells Fargo Bank, NA, the assignor is the FDIC as receiver for Washington Mutual Bank (Wamu), successor in interest to Fleet Mortgage Corp. f/k/a Fleet Real Estate Funding Corp. (Fleet), by Wells Fargo as its Attorney in Fact. *See Complaint, Exhibit "C".*

Plaintiffs do not allege that Fleet was not a predecessor in interest to Wamu, nor do they contend that the FDIC was not appointed as the receiver for Wamu. Further, Plaintiffs do not specifically allege any lack of authority as between Wells Fargo and the FDIC; therefore, Plaintiffs' basis, if any, for stating a claim can only be based upon two things: (1) That the assignment is invalid because it refers to a Mortgage, rather than a Deed of Trust; or (2) That the assignment is invalid because of a violation of *ACA §18-50-102(e)*. Neither of these notions state a claim under *1692f(6)*.

First, with regard to the use of the term "mortgage", in the assignment to Wells Fargo, Plaintiffs fail to allege anything other than an apparent scrivener's error on an assignment which otherwise clearly refers to the Deed of Trust in question. *See Complaint, Exhibit "C".* Plaintiffs fail to adequately plead or elaborate as to how the use of the term "mortgage" would invalidate an assignment which otherwise clearly and effectively identifies the interest in question.

---

[4] Even if the allegations related to the assignment were correct, Wells Fargo could have "standing" to foreclose as a loan servicer. *A.C.A. 18-50-102(a).*

Second, as discussed above, the allegation that "upon information and belief", no "Appointment of Wells Fargo as Power of Attorney for the Federal Deposit Insurance Corporation" is filed of record in Arkansas in violation of *ACA §18-50-102(e)*, relies upon an erroneous interpretation of Arkansas law.

In sum, Plaintiffs fail to state a claim for a violation of *1692f(6)* based upon the chain of assignments or Wells Fargo's status as one entitled to enforce its interest by way of a statutory foreclosure.

(b) The notion that "Plaintiffs" were not in default

The second prong of a *1692f(6)* violation (liberally construing Plaintiffs' Complaint) would presumably be based upon the notion that "Plaintiffs" were not in default. This notion is clearly contradicted by the face of the documents attached to Plaintiffs' Complaint. In *Paragraph 13* of the Complaint, Plaintiffs allege that Gary Dean Williams "fell behind in his Mortgage Payments." Plaintiffs further allege that on April 29, 2011, Wells Fargo sent to Mr. Williams a Loan Modification Agreement (LMA), and that Gary Dean Williams and Freda Williams executed the LMA on May 26, 2011, and returned it to Wells Fargo. *See Complaint, Paragraph 14-15 and Plaintiffs' Exhibit "E"*. Page two of *Exhibit "E"* to Plaintiffs' Complaint clearly provides that Wells Fargo must have received a response within 10 days of the April 29, 2011, correspondence. Said correspondence specifically provides that if the requisite documents "… are not received within ten (10) days from the date of this letter…", then Wells Fargo would conclude that the borrower(s) were no longer interested in a modification and that said request would be cancelled. *See Plaintiffs' Exhibit "E"*. As admitted in Plaintiffs' Complaint, Gary and Freda Williams executed the documentation on May 26, 2011, and returned it to Wells Fargo, well beyond the 10 day requirement. Plaintiffs fail to sufficiently plead any additional

allegations supporting the notion that any Loan Modification was ever in effect.   At best, Plaintiffs may be alleging some form of an oral agreement between Wells Fargo and Gary and Freda Williams; however, Plaintiffs fail to allege anything that would render the statute of frauds inapplicable.  *See A.C.A. § 4-59-101.*  Consequently, this argument must fail as a matter of law.

Finally, any additional claims under *1692f(6)* could only be presumably based on the Garn-Saint Germaine Act or RESPA.   With regard to Plaintiffs' Garn-Saint Germaine allegations, Plaintiffs appear to allege a violation of 12 USC 1701j-3(d)(7), because "defendants" called the note due and payable as the result of "the transfer of the property to a relative upon the death of the borrower." *See Complaint, Paragraph 54.*  Plaintiffs fail to offer any additional allegations, other than a formulaic recitation of elements of the statute at issue, thus again failing to meet the requirements necessary to state a claim.  *See Iqbal (supra).*  Plaintiffs do not assert that Wells Fargo sought to enforce a due-on-sale provision.  The documents of record in this case simply do not support the notion that the loan was called due and payable as a result of the transfer of the property to a relative.  *Exhibit "G"* to Plaintiffs' Complaint, the Trustee's Notice of Default and Intention to Sell, clearly provides that "default has occurred in the payment of said indebtedness." *See Plaintiffs' Complaint, Exhibit "G".*  Otherwise, nothing within the record, any documents of public record, or the pleadings, supports the notion that Wells Fargo initiated a foreclosure because of the transfer of the property to a relative upon the death of Mr. Williams.

The only claim under RESPA, supporting the notion that Mr. Williams was not in default on the loan, would be related to the conclusory allegation that Wells Fargo charged multiple fees and charges to the account for services and for accepting payment for services not actually rendered, in violation of *12 USC 2607(b).  See Complaint, Paragraph 65.*  This allegation is

nothing more than a formulaic recitation, void of any substantive facts; therefore, it does not meet the standard required to state a claim of any kind. *See Iqbal (supra).*

In sum, Plaintiffs fail to state a claim under *1692f(6)* against Separate Defendant Wilson. Even if Wilson is deemed a debt collector for the purposes of *1692f(6),* Plaintiffs' allegations are largely labels, naked assertions, and formulaic recitations of elements; consequently, Plaintiffs fail to state a claim against Wilson under *1692f(6).   See Iqbal (supra).*   To the extent that Plaintiffs' allegations (when liberally construed) go beyond that, the face of the pleadings and the record herein, do not support a claim under *1692f(6),* against Separate Defendant, as a matter of law.  Any and all claims against Wilson under *1692f(6)* should therefore be dismissed.

### 4.  § 1692g

Plaintiffs also allege that no notice was sent to plaintiffs within five days, or otherwise, after the initial communication "with Wilson", indicating the required information in violation of *§1692g.*   Plaintiffs fail to offer anything other than a mere formulaic recitation of non compliance, and thus, they fail to state a claim against Wilson. *See Iqbal and Twombly, supra.* First, Plaintiffs do not sufficiently allege that Wilson is a debt collector.  Second, Plaintiffs do not provide any specific reference or background information with regard to this "initial communication", nor do they plead anything beyond the naked assertion that "no notice" … "indicating the required information", was sent to plaintiffs.   The requirement of factual plausibility requires that Plaintiffs plead sufficient facts to allow the Court to draw a reasonable inference that the Defendant is liable for the alleged misconduct, and that requirement cannot be met with the mere assertion that at *some point*, Wilson made initial contact with the Plaintiffs, and that *someone*, presumably Wilson or Wells Fargo, failed to provide the plaintiffs with non specified, "required information." *See Iqbal and Twombly, supra.*  Plaintiffs simply fail to

elaborate upon anything germane to this allegation. For example, *§ 1692g(a)* provides an exception where the required information is contained in the initial communication. Given the nature of the plaintiffs' allegation, the Court and the Defendants are required to speculate as to the nature of the initial communication itself, including both the timing of the initial contact, and even the nature and substance of the initial contact. Absent any additional pretext, Plaintiffs' allegations cannot warrant a claim under *§1692g*; therefore, any claim intended to be asserted against Wilson, should be dismissed pursuant to *FRCP 12(b)(6)*.

     5.  *"Actual harm"*

Plaintiffs contend that they were actually harmed by the failure of "defendants" to abide by federal law "by paying fees and amounts they were not required to pay and loss of income." However, Plaintiffs do not offer any further elaboration or background information pertaining to this alleged harm, nor do they aver which defendant did "what" to "whom". Apparently, Plaintiffs are referring to payments made to Separate Defendant Wells Fargo, prior to the involvement of Wilson in the statutory foreclosure process. To that extent, Plaintiffs clearly fail to establish how the acts of Wilson damaged them in any way. Consequently, Plaintiffs fail to state a claim as to how they were actually harmed by any act of Separate Defendant Wilson.

**C. Plaintiffs fail to state a claim against Separate Defendant under the ADTPA.**

Plaintiffs appear to allege violations under the Arkansas Deceptive Trade Practices Act (ADTPA). *See Complaint, Count VI.* To the extent that Plaintiffs intend to seek recovery from Separate Defendant, Plaintiffs fail to state a claim upon which relief can be granted, and this count should be dismissed as to Wilson.

The Arkansas Deceptive Trade Practices Act, as codified in *ACA 4-88-101*, does not apply to the practice of law, as the Arkansas Supreme Court made rules regulating the practice of

law and that responsibility cannot be discharged if it were dependent upon or controlled by statutes enacted by the Arkansas General Assembly. *See Preston v. Stoops, 373 Ark. 591, 285 S.W.3d 606 (2008); See also Born v. Hosto & Buchan, PLLC, 2010 Ark. 292 (2010)* (Dismissal of a claim under the Arkansas Deceptive Trade Practices Act (ADTPA), § 4-88-101 et seq., was proper in an action by debtors against a law firm acting as a debt collector because the ADTPA did not apply to the practice of law.); *Bennett & Deloney, P.C. v. State Ex Rel. McDaniel, 2012 Ark. 119 (2012)* (Because a law firm and its attorneys were attorneys engaged in the practice of law at the time of their alleged collection of amounts in excess of those set forth in § 4-60-103 by a holder of a dishonored check, the Arkansas Deceptive Trade Practices Act (ADTPA), §§ 4-88-101 to 4-88-804, had no applicability to their actions. The law firm was engaged in the practice of law by engaging in settlement negotiations for its clients.)

Any allegations set forth in the Complaint, plausibly applicable to a claim under the ADTPA, seem to apply to Separate Defendant Wells Fargo.  To that extent, they do not state a claim under Rule 12(b)(6), against either defendant.  Nevertheless, whether Wilson is deemed to be a debt collector or not, there is no genuine dispute that Wilson was engaged in the practice of law, and Plaintiffs fail to plead otherwise.  Likewise, the notion set forth by Plaintiffs, that violations of the FDCPA (while for the reasons set forth herein likewise do not constitute a claim against Separate Defendant) are "per se" violations of the ADTPA, is without merit.  Finally, any of the plaintiffs' ADTPA allegations which are intended to be directed at Separate Defendant, merely consist of formulaic recitation of elements, labels, conclusions and/or naked assertions; consequently, this claim should be dismissed. *See Iqbal, supra (quoting Twombly, 127 S.Ct.' at 1966).*

**D. Any allegations, aside from the FDCPA allegatioins, intended to support a claim against Separate Defendant, are barred under A.C.A. §16-22-310.**

Certain actions against attorneys or law firms require that the alleging party show privity of contract. This is governed by A.C.A. §16-22-310. Specifically, A.C.A. §16-22-310(a)(1) states,

> "No person licensed to practice law in Arkansas and no partnership or corporation of Arkansas licensed attorneys... shall be liable to persons not in privity of contract with the person, partnership, or corporation for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by the person, partnership, or corporation." A.C.A. §16-22-310(1)(a).

A.C.A. §16-22-310(c) also provides that the "appointment of an attorney as a successor trustee or attorney-in-fact as provided in § 18-50-101 et seq. shall not expand the liability of the attorney, the entity, or partnership employing the attorney, or the firm in which the attorney is a member or partner beyond the liability provided in this section."

The statute allows for two exceptions to the bar. A.C.A. §16-22-310(a)(1) and (a)(2)(A). The first exception excludes cases of fraud and misrepresentation. A.C.A. §16-22-310(a)(1). Plaintiffs fail to sufficiently allege anything warranting fraud or misrepresentation by Wilson. *See FRCP 9.* The second exception, which clearly does not apply in this case, excludes cases where the attorney was aware that a primary intent of the client was for the services to benefit the party alleging negligence, and it requires that the attorney must have identified the benefiting party in a writing to the client, and sent a copy of the writing to the benefiting party. A.C.A. §16-22-310(a)(2)(A)(B).

Given the nature of the Complaint, and the occasional collective references to "defendants", Defendant submits that the above provision applies to this case, and Plaintiffs fail to plead anything warranting the notion that said provision does not apply to this case. A.C.A.

§16-22-310 is clear, and there is no genuine dispute that Plaintiffs were at no time in privity with Separate Defendant.  In addition to the arguments and authority set forth herein, any allegations against Wilson for any applicable, alleged acts, omissions, decisions, or other conduct in connection with professional services performed by Wilson fail to state a claim pursuant to A.C.A.§16-22-310, and they should be dismissed.  Defendant concedes that the statute does not insulate Wilson from claims under the FDCPA as it is a federal statutory claim.[5]

**E.     Plaintiffs do not state a claim against Separate Defendant under the remaining Counts not addressed above.**

Finally, the Counts related to violations of the Federal Garn-Saint Germaine Act, RESPA, TILA, FCRA, HOEPA, breach of contract, and fraudulent misrepresentation, do not apply to Separate Defendant Wilson. *See Complaint, Counts II, III, IV, VII, VIII, IX, X.*  While Plaintiffs occasionally refer to the "defendants" collectively, Plaintiffs fail to state any form of a claim against Wilson for violations under any of the aforementioned provisions.  As previously discussed, Separate Defendant is not in privity with any of the Plaintiffs.  Furthermore, Separate Defendant is not a furnisher of credit information under the FCRA.  It was not a lender, nor was it in any way associated with the actions complained of under the counts for violations of the Federal Garn-Saint Germaine Act, RESPA, TILA, FCRA, HOEPA, breach of contract, and/or fraudulent misrepresentation.  While it is plausible (and understandable) that the reference to "defendants" collectively is merely a scrivener's error, Plaintiffs' Complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, against Wilson, under any of the aforementioned Counts.  Rather, Plaintiffs make conclusory, formulaic assertions, void of any facts supporting relief against any Defendant. *See. Iqbal, Twombly, supra.*  Consequently, any and all counts should be dismissed.

---

[5] See Quinn v. Ocwen Fed. Bank, FSB, 2006 U.S. Dist. LEXIS 92603 (D. Ark. 2006)

**E. Plaintiffs fail to adequately plead standing and/or damages as it relates to any acts allegedly committed by Separate Defendant, against any named party herein.**

Plaintiffs have filed suit on behalf of Terra Williams, Individually and as the Administrator of the Estate of Gary Dean Williams, Takenua Lavanda Shephard, and Freda L. Williams.  As it relates to any acts taken by Separate Defendant Wilson, amidst the statutory foreclosure process, Plaintiffs' Complaint fails to state a plausible claim for relief, as Plaintiffs fail to state sufficient facts to establish the standing of the parties in question, the duty owed to them by Separate Defendant, and/or the damages suffered by them due to the acts of Separate Defendant.

Plaintiffs' Complaint essentially references two acts by Separate Defendant:  (1) the filing of the Notice of Default and Intention to Sell; and (2) the sending of a letter (unrelated to the requirements of the Statutory Foreclosure Act) to the Administrator of the Estate and the Estate's attorney.  *See Complaint, Exhibits "G" and "H"*.  *A.C.A. § 18-50-104* governs those entitled to notice under the Arkansas Statutory Foreclosure Act.[6]  *Section 104* also provides that the disability, incapacity, or death of any person to whom notice must be given under this section shall not delay or impair in any way the mortgagee's or trustee's right to proceed with a sale, provided that the notice has been given in the manner required by this section to the guardian or conservator or to the administrator or executor, as the case may be.  *A.C.A. § 18-50-104(d).*  *A.C.A. 18-50-108 (c)(1) and (2)* provides that no notice shall be required to be given to any person claiming an interest subsequent to the filing of the notice of default and intention to sell.

---

[6] Persons who must receive notice under *section 104* include the mortgagor, grantor, and obligor of the deed of trust; any successor in interest to the mortgagor or grantor whose interest appears of record or whose interest the mortgagee or the trustee or beneficiary has actual notice; and any person having a lien or subsequent interest, when that lien or interest appears of record or when the mortgagee, the trustee, or the beneficiary has actual notice of the lien or interest.

In this case, the Notice of Default was filed on February 21, 2012. *See Complaint, Exhibit "G"*. Both the pleadings and public records indicate that Terra Williams was not appointed as Administrator (and that a probate matter was not opened) until after the filing of the Notice of Default, and Plaintiffs' Complaint does not suggest otherwise. *See Complaint, generally*. Plaintiffs do not appear to allege that Separate Defendant took any further actions warranting damages on behalf of any party herein, with the exception of the aforementioned letter of March 6, 2012. *See Complaint, Exhibit "H"*. [7]

The provisions cited above, when viewed in concert with that pled in the Complaint, is further evidence of Plaintiffs' failure to state a claim against Separate Defendant. *See FRCP 8(a)(2); 12(b)(6); FRCP 17*. In other words, the failure to state sufficient facts warranting relief on behalf of the plaintiffs, individually or collectively, is a result of Plaintiff(s)' failure to provide the contextual background, necessary to establish how any actions taken by Separate Defendant either violated the law or damaged a real party in interest to whom Wilson owed a duty. Rather, Plaintiffs' Complaint requires speculation as to what real party in interest, if any, is entitled to relief from Separate Defendant (and on what basis), as the Complaint infers, but does not show, that the pleader is entitled to relief; consequently, Plaintiffs have failed to state a plausible claim for relief against Separate Defendant. *See Iqbal, supra, at 679; FRCP 8(a)(2); 12(b)(6); FRCP 17*.

## IV.   CONCLUSION

To survive a motion to dismiss under *FRCP 12(b)(6)*, plaintiffs must allege sufficient facts to "raise a right to relief above the speculative level." *See Iqbal, supra*. That is, plaintiffs must show that their claims not merely conceivable, but plausible. *Id.* For the reasons set forth

---

[7] For the reasons set forth in this brief, Plaintiffs fail to state a claim for relief based upon said correspondence, as they fail to sufficiently allege that Defendant was acting as a debt collector.

herein, Plaintiffs have failed to state a plausible claim against Separate Defendant, and their

Complaint against Wilson should be dismissed.

Respectfully Submitted,

____/s/ Samuel S. High_____

Samuel S. High (2001125)
Wilson & Associates, PLLC
1521 Merrill Drive, Suite D-220
Little Rock, AR  72211
(501) 219-9388 – Telephone
(501) 734-4548 –Facsimile

shigh@wilson-assoc.com

## CERTIFICATE OF SERVICE

I, Samuel S. High, do hereby certify that I have sent a true copy of the foregoing via the
Federal Court ECF System to the Clerk of the Court for filing and transmittal of Notice of
Electronic Filing to ECF registrants, this 30th day of July, 2012, to the following individual(s):

Blair Evans
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Fax:  901.577.4233
Email:  bevans@bakerdonelson.com

Victoria Leigh
Leigh Law LLC
2500 Cedar Creek Road
North Little Rock,  AR  72116
Email:  vliegh7@gmail.com

William G. Almand
Almand & Ables, PLLC
211 Natural Resources Drive
Little Rock,  AR  72205
Email:  galmand@wgalmandlaw.com

____/s/ Samuel S. High_____